**CARMEN A. TRUTANICH**, City Attorney (SBN 86629x)
**TAYO A. POPOOLA**, Deputy City Attorney (SBN 134564)
**CHARLES D. SEWELL**, Deputy City Attorney (SBN 198903)
701 City Hall East
200 North Main Street
Los Angeles, California 90012
Telephone Number 213.978.8083
Facsimile Number 213.978.8214
E-mail: charles.sewell@lacity.org

Attorneys for Defendant
**CITY OF LOS ANGELES**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. H. McQUISTON,<br><br>                    Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation, ANTONIO VILLARAIGOSA, Mayor; MARGARET C. FIELDS, Property Owner; SHAUN BUTLER, Property Lessee; RENEE WEITZER, City Employee; ED P. REYES, City Councilmember; PAUL KREKORIAN, City Councilmember,<br><br>                    Defendant.<br><br>          Real Parties in Interest. | CASE NO.: CV11-05149-DSF(MRW)<br><br>Assigned to the Honorable Dale S. Fischer<br><br>**ANSWER OF DEFENDANTS CITY OF LOS ANGELES, MAYOR ANTONIO VILLARAIGOSA, RENEE WEITZER, LINN WYATT AND COUNCILMEMBERS ED P. REYES AND PAUL KREKORIAN TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL**<br><br>COURTROOM: RM. 840, ROYBAL |

    DEFENDANTS CITY OF LOS ANGELES ("City"), a municipal corporation, ANTONIO VILLARAIGOSA, RENEE WIETZER, LINN WYATT, ED P. REYES, and PAUL KREKORIAN (collectively "City Defendants") answer the complaint and admit, deny and allege as follows:

1

## JURISDICTION, PARTIES, AND VENUE

1. Admit that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Except as admitted, City Defendants deny the allegations, if any, in Paragraph 1 for lack of information and belief.

2. Allege that 42 U.S.C. section 1983, 18 U.S.C. section 1346, and Amendments V and XIV, section 1, of the United States Constitution speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 2 for lack of information and belief.

3. Admit that venue lies in this District pursuant to 28 U.S.C. §1391(b).

4. Deny the allegations in Paragraph 4 for lack of information and belief.

5. Deny the allegations in Paragraph 5 for lack of information and belief.

6. Deny the allegations in Paragraph 6 for lack of information and belief.

7. Deny the allegations in Paragraph 7 for lack of information and belief.

8. Admit that Defendant ANTONIO VILLARAIGOSA ("Defendant Villaraigosa") is the elected Mayor of Los Angeles. Allege that Los Angeles City Charter section 215 and any oath that Defendant Villaraigosa may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 8 for lack of information and belief.

9. Admit that Defendant ED P. REYES ("Defendant Reyes") is the elected Councilmember for Council District 1 and Chairman of the City Council's Planning and Land Use Management Committee ("PLUM"). Allege that Los Angeles City Charter section 215 and any oath that Defendant Reyes may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 9 for lack of information and belief.

10. Admit that Defendant PAUL KREKORIAN ("Defendant Krekorian") is the elected Councilmember for Council District 2 and a member of PLUM. Allege that Los Angeles City Charter section 215 and any oath that Defendant Krekorian may or may

not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 10 for lack of information and belief.

11. Admit that Defendant RENEE WEITZER ("Defendant Weitzer") is employed by the City of Los Angeles as a staff member for Council District 4.

12. Admit that Defendant LINN K. WYATT ("Defendant Wyatt") is employed the City of Los Angeles Department of City Planning ("Planning Department").

13. Deny the allegations, if any, in Paragraph 13 for lack of information and belief.

14. Deny the allegations, if any, in Paragraph 14 for lack of information and belief.

15. Deny the allegations, if any, in Paragraph 15 for lack of information and belief.

## FACTUAL ALLEGATIONS

16. Allege that the City's police powers and zoning responsibilities speak for themselves and otherwise deny the allegations in Paragraph 16, if any, for lack of information and belief.

17. Deny the allegations in Paragraph 17 for lack of information and belief.

18. Allege that the Assessor's Records for the property located at 1037 N. Sycamore Avenue ("1037 Sycamore") speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 18 for lack of information and belief.

19. Allege that the City's various plans speak for themselves and otherwise deny the allegations in Paragraph 19, if any, for lack of information and belief.

20. Deny the allegations in Paragraph 20 for lack of information and belief.

21. Deny the allegations in Paragraph 21 for lack of information and belief.

22. Allege that Los Angeles Municipal Code ("LAMC") section 12.17.5(A) speaks for itself and otherwise deny the allegations in Paragraph 22, if any, for lack of information and belief.

23. Deny the allegations in Paragraph 23 for lack of information and belief.

24. Deny the allegations in Paragraph 24 for lack of information and belief.

25. Deny the allegations in Paragraph 25 for lack of information and belief.

26. Deny the allegations in Paragraph 26 for lack of information and belief.

27. Deny the allegations in Paragraph 27 for lack of information and belief.

28. Allege that LAMC section 12.17.5 speaks for itself and otherwise deny the allegations in Paragraph 28, if any, for lack of information and belief.

29. Allege that LAMC sections 12.24(W)(18), 12.27(A), and 12.27(D) speak for themselves and otherwise deny the allegations in Paragraph 29, if any, for lack of information and belief.

30. Deny the allegations in Paragraph 30 for lack of information and belief.

31. Deny the allegations in Paragraph 31 for lack of information and belief.

32. Allege that LAMC section 12.70(C) speaks for itself and otherwise deny the allegations in Paragraph 32, if any, for lack of information and belief.

33. Allege that LAMC section 12.22(A)(20)(a) speaks for itself and otherwise deny the allegations in Paragraph 33, if any, for lack of information and belief.

34. Allege that Amendment XIV, section 1, of the United States Constitution and California Government Code ("Government Code") section 65906 speak for themselves and otherwise deny the allegations in Paragraph 34, if any, for lack of information and belief.

35. Allege that Government Code section 65906 speaks for itself and otherwise deny the allegations in Paragraph 35, if any, for lack of information and belief.

36. Allege that Government Code sections 65800 and 65906 speak for themselves and otherwise deny the allegations in Paragraph 36, if any, for lack of information and belief.

37. Allege that Government Code section 65852 speaks for itself and otherwise deny the allegations in Paragraph 37, if any, for lack of information and belief.

38. Deny the allegations in Paragraph 38 for lack of information and belief.

39. Deny the allegations in Paragraph 39 for lack of information and belief.

1 | 40. Allege that Government Code section 65906, California Code of Civil Procedure ("Code of Civil Procedure") section 1094.5 and <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speak for themselves, and otherwise deny the allegations in Paragraph 40, if any, for lack of information and belief.

41. Allege that the Los Angeles Municipal Code requirements for the grant of a variance and the *Topanga* case law speak for themselves, and otherwise deny the allegations in Paragraph 41, if any, for lack of information and belief.

42. Deny the allegations in Paragraph 42 for lack of information and belief.

43. Allege that Government Code section 65906.5 speaks for itself and otherwise deny the allegations in Paragraph 43, if any, for lack of information and belief.

44. Allege that LAMC section 12.21(A)(4) speaks for itself and otherwise deny the allegations in Paragraph 44, if any, for lack of information and belief.

45. Deny the allegations in Paragraph 45 for lack of information and belief.

46. Deny the allegations in Paragraph 46 for lack of information and belief.

47. Deny the allegations in Paragraph 47 for lack of information and belief.

48. Deny the allegations in Paragraph 48 for lack of information and belief.

49. Allege that Government Code section 562(c) speaks for itself and otherwise deny the allegations, if any, in Paragraph 49 for lack of information and belief.

50. Allege that Government Code section 562(c) and <u>Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals</u>, 66 Cal.2d 767 (1967) speak for themselves and otherwise deny the allegations, if any, in Paragraph 50 for lack of information and belief.

51. Allege that Government Code section 65906, Code of Civil Procedure section 1094.5, <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974), and *Philip Anaya v. City of Los Angeles* speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 51, if any, for lack of information and belief.

52. Allege that the "WYATT's Report," Code of Civil Procedure section 1094.5, <u>Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals</u>, 66 Cal.2d 767 (1967) and <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 52 for lack of information and belief.

53. Allege that the "WYATT's Report," <u>Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals</u>, 66 Cal.2d 767 (1967) and <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 53 for lack of information and belief.

54. Allege that <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 54 for lack of information and belief.

55. Allege that the Assessor's Records for 1037 Sycamore speak for themselves and otherwise deny the allegations in Paragraph 55 for lack of information and belief.

56. Allege that the "WYATT's Report," Government Code section 65852 and Amendment XIV of the United States Constitution speak for themselves, and otherwise deny the allegations in Paragraph 56 for lack of information and belief.

57. Allege that the "WYATT's Report" speak for itself and deny the allegations in Paragraph 57 for lack of information and belief.

58. Allege that the "WYATT's Report" speaks for itself and deny the allegations in Paragraph 58 for lack of information and belief.

59. Allege that the "WYATT's Report" and <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 59 for lack of information and belief.

60. Allege that the "WYATT's Report" speaks for itself and deny the allegations in Paragraph 60 for lack of information and belief.

61. Allege that Los Angeles City Charter section 215 and any oath that planning commissioners may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 61 for lack of information and belief.

62. Allege that Title 28 of the United States Code and LAMC section 12.27(H) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 62 for lack of information and belief.

63. Allege that LAMC section 12.27(K) speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 63 for lack of information and belief.

63.[1] Allege that § 12.27(O) speaks for itself; otherwise, City Defendants deny the allegations in the second "Paragraph 63" for lack of information and belief.

64. Allege that Los Angeles City Charter sections 230 and 240 and Springer v. Government of Philippine Islands, 277 U.S. 189 (1928) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 64 for lack of information and belief.

65. Allege that LAMC section 12.27(P)(1) speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 65 for lack of information and belief.

66. Deny the allegations in Paragraph 66 for lack of information and belief.

67. Deny the allegations in Paragraph 67 for lack of information and belief.

68. Deny the allegations in Paragraph 68 for lack of information and belief.

69. Allege that Government Code section 54952.2 speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 69 for lack of information and belief.

70. Allege that Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals, 66 Cal.2d 767 (1967) and Topanga Assn. for A Scenic Community v. County of Los Angeles, 11 Cal.3d 506 (1974) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 70 for lack of information and belief.

---

[1] It appears Plaintiff inadvertently labels the paragraph immediately following Paragraph 63 as "63."

71. Deny the allegations in Paragraph 71 for lack of information and belief.

72. Deny the allegations in Paragraph 72 for lack of information and belief.

73. Deny the allegations in Paragraph 73 for lack of information and belief.

74. Allege that LAMC section 12.27(P)(2) speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 74 for lack of information and belief.

75. Deny the allegations in Paragraph 75.

76. Deny the allegations in Paragraph 76.

77. Deny the allegations, if any, in Paragraph 77, for lack of information and belief.

78. Allege that 28 U.S.C. sections 1443 and 2201 speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 78 for lack of information and belief.

## AFFIRMATIVE DEFENSES

1. The Complaint does not state sufficient facts to constitute a claim upon which relief may be granted.

2. Plaintiff's claims are precluded under the doctrine of res judicata because Plaintiff failed to seek state judicial review of the City's administrative decision which is now final.

3. The issues raised in Plaintiff's Complaint are precluded under the doctrine of collateral estoppel because similar issues have been adjudicated in the unreviewed administrative decision of the City.

4. The court should abstain pursuant to the *Pullman* abstention doctrine.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff has waived any and all claims they may have had against the City.

7. The complaint fails to state a claim because Plaintiff failed to exhaust administrative and judicial remedies afforded under the laws of the State of California and the United States.

8. Plaintiff's claims are not ripe.

9. Plaintiff's action should be dismissed because the Statute of Limitations has run.

10. The individually named City Defendants are entitled to qualified immunity.

WHEREFORE, THE CITY PRAYS FOR JUDGMENT AS FOLLOWS:

1. That the action be dismissed in its entirety;
2. That the City be awarded costs of suit; and
3. That the City be awarded other and further relief as the court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. 1988.

## DEMAND FOR JURY TRIAL

City Defendants request that Plaintiff's claim for damages be tried before a jury.

Dated: October 27, 2011          Respectfully submitted

CARMEN A. TRUTANICH, City Attorney
TAYO A. POPOOLA, Deputy City Attorney
CHARLES D. SEWELL, Deputy City Attorney

By: _____
CHARLES D. SEWELL
Deputy City Attorney

Attorneys for Defendant
**CITY OF LOS ANGELES**

M:\Real Prop_Env_Land Use\Land Use\Charles Sewell\LU - Active Cases\McQuiston\Litigation\McQ - ANSWER (final).doc

# PROOF OF SERVICE -- (VIA VARIOUS METHODS)

I, the undersigned, say: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 701 City Hall East, 200 North Main Street, Los Angeles, California 90012.

On October 27, 2011, I served the foregoing document described as **ANSWER OF DEFENDANTS CITY OF LOS ANGELES, MAYOR ANTONIO VILLARAIGOSA, RENEE WEITZER, LINN WYATT AND COUNCILMEMBERS ED P. REYES AND PAUL KREKORIAN TO COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL** on all interested parties in this action by placing copies thereof in a sealed envelope addressed as follows:

Ms. Margaret C. Fields
3114 Oakhurst Avenue
Los Angeles, California 90034

Mr. Shaun Butler
Community Investment Holdings
3932 Lewis Avenue
Long Beach, California 90807

J. H. McQuiston, Pro Se
6212 Yucca Street
Los Angeles, California 90028

[X] **BY MAIL** - I deposited such envelope in the mail at Los Angeles, California, with First class postage thereon fully prepaid. I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit; and/or

[ ] BY PERSONAL SERVICE - ( ) I delivered by hand, or ( ) I caused to be delivered via Los Angeles City Attorney Document Services Division, such envelope to the offices of the addressee with delivery time prior to 5:00 p.m. on the date specified above.

[ ] BY FACSIMILE TRANSMISSION - I caused the document to be transmitted to the offices of the addressee via facsimile machine to the telephone number listed above on the date and time specified on the Transmission Report.

[ ] BY OVERNIGHT COURIER - I deposited such envelope in a regularly maintained overnight courier parcel receptacle prior to the time listed thereon for pick-up. Hand delivery was guaranteed by the next business day.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 27, 2011, at Los Angeles, California.

ZENIA RIVERA ALMOZARA