1  Darin Margules, Esq. (State Bar No. 195282)
   LAW OFFICE OF DARIN MARGULES AND ASSOCIATES
2  17835 Ventura Blvd., Suite 104
3  Encino, California 91316
   Telephone: (818) 344-5900
4  Facsimile: (818) 344-7711
5
   Attorney for Defendant,
6  SHAUN BUTLER
7
8
                   UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10

11 | J. H. McQUISTON,                              ) Case No.: CV 11-5149-DSF-MRW
12 |                                               )
   |         Plaintiff,                            ) **DEFENDANT SHAUN BUTLER'S**
13 |   vs.                                         ) **NOTICE OF MOTION AND MOTION**
   |                                               ) **TO DISMISS COMPLAINT FOR**
14 | CITY OF LOS ANGELES; ANTONIO                  ) **FAILURE TO STATE A CLAIM**
15 | VILLARAIGOSA, Mayor; MARGARET C.              ) **PURSUANT TO F.R.C.P. 12(b)(6);**
   | FIELDS, Property Owner; SHAUN BUTLER,         ) **MEMORANDUM OF POINTS AND**
16 | Property Lessee; RENEE WEITZER, City          ) **AUTHORITIES IN SUPPORT**
   | Employee; LINN K. WYATT, City Employee;       ) **THEREOF**
17 | ED P. REYES, City Councilmember; PAUL         )
   | KREKRIAN, City Councilmember;                 )
18 |                                               )
   |         Defendants.                           )
19 |                                               )
20 | _____         )

21
22
23
24
25
26
27
28

DEFENDANT SHAUN BUTLER'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A
CLAIM PURSUANT TO F.R.C.P. 12(b)(6)
-1-

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 7, 2011, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom H of the above-entitled Court, located at 312 N. Spring St., Los Angeles, CA 90012, Defendant Shaun Butler ("BUTLER") will move this Court for an Order dismissing the Complaint of Plaintiff J.H. McQuiston ("PLAINTIFF") pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted.

This Motion will be based upon this notice of motion and motion, the attached memorandum of points and authorities, the complete files and records in this action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper.

Further, this Motion is brought following BUTLER's counsel's good-faith attempt to conduct a meet and confer with PLAINTIFF in pro se, in accordance with Civil Local Rule 7-3. However, an informal resolution could not be reached. As such, the instant Motion has become necessary.

Dated this 3rd day of November, 2011

LAW OFFICE OF DARIN MARGULES
AND ASSOCIATES

Darin Margules
Attorney for Defendant,
SHAUN BUTLER

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

For various reasons, as more fully set forth in detail herein, Defendant SHAUN BUTLER (hereinafter "BUTLER") has been improperly named as a defendant in this action. As factual background for the Court, Plaintiff J. H. MCQUISTON (hereinafter "PLAINTIFF") incorrectly identifies BUTLER as the "Property Lessee" of the real property in question located at 1037 N. Sycamore Avenue, Los Angeles, CA 90038 (hereinafter "Sycamore Property") and presumably sues him in this capacity. However, BUTLER serves as President and CEO of Community Investment Holdings, Inc. (hereinafter "Community Investment"), and Community Investment is the actual subtenant of the Sycamore Property. A true and correct copy of the sublease agreement for the Sycamore Property will be presented to PLAINTIFF and the Court at the appropriate time.

Irrespective of the foregoing, PLAINTIFF'S Complaint, as it applies to BUTLER, must be dismissed pursuant to Federal Rule of Civil Procedure (hereinafter "FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted. PLAINTIFF'S 15-page, 78-paragraph Complaint, while numbingly dense and full of background information and history, essentially boils down to one grievance – that in 2010 the City of Los Angeles (hereinafter "City") approved a zoning variance applied for by Community Investment, which allowed Community Investment to continue operating its business at the Sycamore Property. However, the Complaint does not contain the requisite allegations for recovery under any relevant legal theory. In fact, PLAINTIFF'S Complaint is completely devoid of any specific allegations of wrongdoing on the part of the moving defendant and therefore fails to assert any colorable cause of action against BUTLER or the actual subtenant, Community Investment, for that matter.

PLAINTIFF does not dispute the fact that variances were properly requested and were approved by the City in 1994, 1999 and once again in 2010. Although a proper cause of action has not been plead against *any* party, what PLAINTIFF presumably contests is the fact that the zoning variances were approved – that the City failed to properly evaluate the requested

variances in accordance with the relevant legal standards. There is absolutely no connection whatsoever to BUTLER or Community Investment – no allegations against them, and not so much as a single statement about the reason BUTLER was named as a defendant in this action. The bottom line is that BUTLER is a private citizen who simply applied, on behalf of Community Investment, and was approved for a continued variance to operate a business at the Sycamore Property. PLAINTIFF took recourse and appealed the 2010 approval of the variance, which was denied by the Central Los Angeles Area Planning Commission on December 7, 2010. A true and correct copy of said denial will be presented to PLAINTIFF and the Court at the appropriate time.

Zoning is a land use regulation exercised by local governments. California's "police power" provides the right to adopt and enforce zoning regulations, as long as they do not conflict with state laws. (See California Constitution, Article XI, Section 7.) In this case, BUTLER, on behalf of Community Investments, applied for a zoning variance and the City, in accordance with its vested powers, approved the application. BUTLER himself clearly has no authority or control over the City's approval process and therefore has no business being named as a defendant in this action.

For these reasons, PLAINTIFF'S Complaint fails in its entirety and BUTLER's motion to dismiss pursuant to FRCP 12(b)(6) should be granted as to each of PLAINTIFF'S claims, without leave to amend.

## II.

## STATEMENT OF FACTS PLEAD BY PLAINTIFF

BUTLER is an individual leasing the Sycamore Property from property owner MARGARET C. FIELDS (hereinafter "FIELDS"). (See Complaint, ¶7.) BUTLER'S predecessor, Peter de Placido (hereinafter "Placido") apparently applied for, and received, a variance for use of the Sycamore Property in 1994 and again in 1999. (*Id.*, at ¶¶ 31, 39, 42-44.) At some point thereafter, BUTLER applied for a variance in 2010. (*Id.*, at ¶ 46.) At some point thereafter, there were hearings with Respect to the variance application. (*Id.*, at ¶ 47.) Briefs were submitted to the City and the variance application was evaluated pursuant to required


"Findings." (*Id.*, at ¶¶ 47-49, 53, 56-60.) Ultimately, the variance was approved by the Planning Land Management Committee, the City, and thereafter by the Mayor in or around March 2011. (*Id.*, at ¶¶ 65-68, 70-71, 73-74.) Thereafter, on or about June 20, 2011, PLAINTIFF filed the instant action.

### III.
### LEGAL ARGUMENT

A.     **Standard of Review**

F.R.C.P. 12(b)(6) empowers federal courts to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. (See *Davis v. Monroe County Bd. of Educ.* (1999) 526 U.S. 629, 633; see also *Lee v. City of Los Angeles* (9th Cir. 2011) 250 F.2d 668, 688.) In reviewing a Rule 12(b)(6) motion, courts "generally assume the factual contentions to be true… [The courts] do not however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (See *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; see also *Shwarz v. United States* (9th Cir. 2000) 234 F.3d 428, 435.) Furthermore, a plaintiff's factual allegations must be enough to raise a right a relief above the speculative level. (See *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) A complaint will not survive if it tenders 'naked assertions' devoid of 'further factual enhancement. (*Id.*, at 557.)

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (See *Harris v. City of New York* (2d Cir. 1999) 186 F.3d 243, 247.) Dismissal is proper if the complaint lacks a "cognizable legal theory" or sufficient facts alleged under a cognizable legal theory. (See *Balistreri v. Pacifica Police Department* (9th Cir. 1988) 901 F.2d 696, 699; see also *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041.) In pleading sufficient facts, a plaintiff must proffer enough facts to state a claim to relief that is plausible on its face. (See *Bell Atl. Corp., supra*, at 570.) This requires more than labels and conclusions, and a formulaic recitation of the

1  elements of a cause of action will not do. (*Id.*, at 555.)

2      The court need not accept conclusory allegations in the complaint as true; rather, it must examine whether they follow from the description of facts as alleged by the plaintiff. (See *Holden v. Hagopian* (9th Cir.1992) 978 F.2d 1115, 1121; see also *Halkin v. VeriFone, Inc.* (9th Cir. 1993) 11 F.3d 865, 868; see also *Clegg v. Cult Awareness Network* (9th Cir.1994) 18 F.3d 752, 754-55 stating that on Rule 12(b)(6) motion, a court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.) Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. (See *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.) Rather, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. (See *Ashcrof v. Iqbal* (2009) 129 S.Ct. 1937, 1950.

### B. BUTLER Has Been Improperly Included in PLAINTIFF'S Complaint

    As noted above, PLAINTIFF incorrectly identifies BUTLER as the "Property Lessee" of the Sycamore Property and presumably sues him in this capacity. However, BUTLER serves as President and CEO of Community Investment, and Community Investment is the actual subtenant of the Sycamore Property. A true and correct copy of the sublease agreement for the Sycamore Property will be presented to PLAINTIFF and the Court at the appropriate time.

    Based on the foregoing, BUTLER has been improperly included as a defendant in PLAINTIFF'S Complaint and should therefore be dismissed. However, even if PLAINTIFF were to amend his Complaint to name Community Investment, the same legal arguments would hold true as to why PLAINTIFF'S Complaint fails to state a claim upon which relief can be granted.

///
///
///
///

### C. PLAINTIFF Fails to Alleged Any Tort Claim Supporting an Award of Damages Against BUTLER

PLAINTIFF fails to allege that BUTLER committed a "tort" of any kind against him, and thus has failed to assert any claim against BUTLER, which would potentially support an award of damages.

At paragraph 13 of the Complaint, PLAINTIFF names BUTLER as a party who is being "sued for compensation for injuring and continuing to injure [Plaintiff's] property ..." However, PLAINTIFF fails to provide any facts supporting his allegation that BUTLER or Community Investments somehow damaged PLAINTIFF'S property, which is located adjacent to the Sycamore Property. PLAINTIFF also fails to allege a specific cause of action against BUTLER that would give rise to damages. "To properly plead a cause of action [in tort] a plaintiff must plead that [he] suffered actual damages as a result of [the tort], and must describe the damages that were actually suffered." *Segura v. Green Tree Servicing, LLC,* 2011 WL 2462856, at *6 (E.D.Cal., June 17, 2011); *see also Johnson v. Washington Mut.,* 2010 WL 682456, at *7 (E.D.Cal. Feb. 24, 2010). Where a plaintiff has only pled that he suffered actual damages, and nothing more, such a conclusory allegation is insufficient. *Johnson, supra,* 2010 WL 682456, at *7.

Here, PLAINTIFF's Complaint asserts, among other things, that he has suffered damages for "torts of $342,670.00 and constitutional torts of $10,967,040.00." (See Complaint, ¶76), however, he fails to even state what "tort" he alleges was committed by BUTLER (or anyone else for that matter), or who is responsible for compensating him for these alleged damages.[1] Specifically, PLAINTIFF has failed to (1) allege what tort he believes was committed against him by BUTLER, (2) plead that he suffered actual damages as a result of the tort, and (3) describe the damages that were actually suffered.

///

---

[1] The amount of these damages, unsupported by sufficient facts or legal argument, will be later addressed in an anticipated FRCP Rule 11 motion for sanctions.

1    Although pro se complaints are liberally construed, PLAINTIFF'S vague and
2    unsupported allegations of "injuries" simply do not meet the standard required to survive a
3    motion to dismiss. (See *Harris v. Mills* (2nd Cir. 2009) 572 F.3d 66, 72 stating that pro se
4    complaints liberally construed; see also *Bell Atl. Corp., supra,* at 570 stating that in pleading
5    sufficient facts, a plaintiff must proffer enough facts to state a claim to relief that is plausible on
6    its face.) While PLAINTIFF argues in the Complaint that his property value has been negatively
7    impacted by the variance granted by the City, he at no time alleges facts specific to BUTLER so
8    as to sustain any cause of action.

Based on the foregoing, BUTLER'S FRCP 12(b)(6) motion to dismiss should be granted as a matter of law.

### D.     Injunctive Relief Is Not A Proper Claim For Relief

A declaratory judgment case must be "ripe" for judicial determination. Indeed, the controversy must be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (See *City of Colton v. American Promotional Events, Inc.-West* (9th Cir. 2010) 614 F.3d 998, 1004.) Here, PLAINTIFF has improperly included "injunctive" relief as a claim against BUTLER. (See Complaint, at ¶¶ 4, 15.) However, "[i]njunctive relief 'is a remedy and not, in itself, a claim, and a claim must exist before injunctive relief may be granted.'" (See *Loder v. World Savings Bank, N.A.*, 2011 WL 1884733, at *8 (N.D. Cal. May 18, 2011) (citing *Shell Oil Co. v. Richter* (1942) 52 Cal. App. 2d 164, 168); see also *Cox Commc'ns PCS, L.P. v. City of San Marcos* (S.D. Cal. 2002) 204 F. Supp. 2d 1272, 1283 stating that injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action.)

Based on the foregoing, BUTLER'S FRCP 12(b)(6) motion to dismiss should be granted as a matter of law, and PLAINTIFF'S claim for injunctive relief be dismissed, without leave to amend.

///
///
///
///

### E. PLAINTIFF'S Request For Declaratory Relief Is Vague, Uncertain, And Unsupported By Facts

A declaratory judgment case must be "ripe" for judicial determination. The controversy must be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (See *City of Colton v. American Promotional Events, Inc.- West* (9th Cir. 2010) 614 F.3d 998, 1004-1005.) Here, PLAINTIFF has made no clear allegation of what, if any, declaratory relief he is seeking from BUTLER. In addition, PLAINTIFF has failed to offer any facts to support a claim against BUTLER for declaratory relief. (See *Baslistreri, supra,* at 699 stating that dismissal is proper if the complaint lacks a "cognizable legal theory" or sufficient facts alleged under a cognizable legal theory.)

Moreover, because the Complaint admits that the alleged "injuries" to PLAINTIFF'S property have been occurring since 1991, those "injuries" are not of sufficient immediacy to warrant declaratory relief. (See Complaint, ¶27; see also *City of Colton, supra,* at 1004-1005.) Based on the foregoing, BUTLER'S FRCP 12(b)(6) motion to dismiss should be granted as a matter of law, and PLAINTIFF'S claim for declaratory relief be dismissed, without leave to amend.

### IV.

### CONCLUSION

Pursuant to the foregoing, BUTLER respectfully requests that PLAINTIFF'S Complaint be dismissed, with prejudice and without leave to amend, for failing to state any claim upon which relief can be granted against BUTLER.

Dated this 3rd day of November, 2011

**LAW OFFICE OF DARIN MARGULES AND ASSOCIATES**

Darin Margules
Attorney for Defendant,
SHAUN BUTLER

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action.

I further certify that on November 3, 2011, I electronically filed the foregoing document via the Court of the State of California (CM/ECF) system, causing the following parties to be served by ECF email:

    Charles David Sewell, Esq. – Charles.Sewell@lacity.org

    Kiran Singh, Esq. – Ksingh@mbnlawyers.com

    Tayo A. Popoola, Esq. – Tayo.Popoola@lacity.org

I further certify that the parties without access to the Court's ECF email notification were served via U.S. Mail today.

J.H. McQuiston
6212 Yucca Street
Los Angeles, CA 90028

Dated: November 3, 2011

_____
DARin Margules