ALAN M. MIRMAN, SBN 66883
MICHAEL E. BUBMAN, SBN 143468
KIRAN SINGH, SBN 252467
MIRMAN, BUBMAN & NAHMIAS, LLP
21860 Burbank Boulevard, Suite 360
Woodland Hills, California 91367
Tel: (818) 451-4600
Facsimile: (2818) 451-4620
E-Mail: amirman@mbnlawyers.com
         mbubman@mbnlawyers.com
         ksingh@mbnlawyers.com

Attorneys for Defendant Margaret C. Fields

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.H. MCQUISTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. CV 11-05149-DSF-MRW<br><br>SECOND AMENDED NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P 12(b)(6)<br><br>Date:  December 7, 2011<br>Time:  9:30 a.m.<br>Ctrm:  H-9th Floor |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Margaret C. Fields ("Fields"), will and hereby does respectfully move on December 7, 2011, at 9:30 a.m. or as soon thereafter as the matter may be heard in Courtroom H of the above-entitled Court located at 312 N. Spring St., Los Angeles, CA 90012, for an Order dismissing with prejudice all claims against Fields set forth in the Complaint of Plaintiff J.H. McQuiston ("Plaintiff") on the ground that the Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice and attached Memorandum of Points and

1 Authorities, the pleadings and records on file in this action, such other further
2 evidence as the Court may receive on or before hearing on this matter, and those
3 matters of which the Court may take judicial notice.
4     Further, this Motion is brought following counsel for Fields' good faith
5 attempt to meet and confer with Plaintiff, in accordance with L.R. 7-3. However,
6 the parties were unable to reach a resolution would eliminate the necessity for a
7 hearing.

9 Dated: November 9, 2011       MIRMAN, BUBMAN & NAHMIAS, LLP

11                              By:    */s/ Michael Bubman*
12                                   Michael E. Bubman
                         Attorneys for Defendant Margaret C. Fields

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Margaret C. Fields ("Fields") respectfully requests that this Court dismiss all claims against her pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff J.H. McQuiston ("Plaintiff"), the owner of the real property located at 1035 N. Orange St., Los Angeles, CA 90038 (the "McQ Property") has sued Fields, the owner of the real property located at 1037 N. Sycamore Avenue, Los Angeles, CA 90038 (the "Sycamore Property"), as well as Shaun Butler ("Butler"), who is the current tenant of the Sycamore Property, the Mayor of Los Angeles, and various Los Angeles councilmen and employees for myriad offenses which essentially boil down to one grievance – that in 2010 the City of Los Angeles ("City") renewed a zone variance applied for by Butler, which allowed him to continue to operate his business at the Sycamore Property.

Plaintiff does not dispute the fact that variances have been properly requested and were approved by the City in 1994, 1999 and once again in 2010. What Plaintiff appears to contest is the fact that the variances were approved – that the City had failed to properly evaluate the requested variances in accordance with the relevant legal standards. There is absolutely no connection whatsoever to defendant Fields – no allegations against her, and not so much as a single statement about the reason Fields is named as a defendant in the Complaint. The bottom line is that Fields is a private citizen who neither applied for, nor was in any way responsible for the City's decision to grant, the variance application. As a result, Fields should not be a party to this litigation.

///
///
///

## II. FACTUAL AND PROCEDURAL BACKGROUND

Fields owns the Sycamore Property and has since at least 1994. Complaint, ¶¶6, 18. Fields leased the Sycamore Property to a third party, who in turn sublet the Sycamore Property to defendant Butler's predecessor, Peter de Placido ("Placido"). Placido apparently applied for, and received, a variance for use of the Sycamore Property in 1994 and again in 1999. *Id.*, ¶¶31, 39, 42-44. At some point thereafter, Butler became the subtenant at the Sycamore Property and first applied for a variance in 2010. *Id.*, ¶46. At some point thereafter, there were hearings with respect to the variance application. *Id.*, ¶47. Briefs were submitted to the City and the variance application was evaluated pursuant to required "Findings." *Id.*, ¶¶47-49, 53, 56-60. The variance was approved by the Planning Land Management Committee, the City, and thereafter by the Mayor in or around March 2011. 65-68, 70-71, 73-74. On or about June 20, 2011, Plaintiff filed the instant action.

## III. STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. *Davis v. Monroe County Bd. of Educ.* (1999) 526 U.S. 629, 633; *Lee v. City of Los Angeles* (9th Cir. 2011) 250 F.2d 668, 688. In reviewing a Rule 12(b)(6) motion, courts "generally assume the factual contentions to be true ... [The courts] do not however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Shwarz v. United States* (9th Cir. 2000) 234 F.3d 428, 435. Furthermore, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555. A complaint will not survive "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 557).

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York* (2d Cir. 1999) 186 F.3d 243, 247. Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* (9th Cir. 1988) 901 F.2d 696, 699; *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041. In pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp., supra*, 550 U.S. at 570. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian* (9th Cir.1992) 978 F.2d 1115, 1121; *see Halkin v. VeriFone, Inc.* (9th Cir.1993) 11 F.3d 865, 868; *see also Clegg v. Cult Awareness Network* (9th Cir.1994) 18 F.3d 752, 754–55 (stating that on Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir.2001) 266 F.3d 979, 988. Rather, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] that the pleader is entitled to relief. *Ashcroft, supra*, 129 S.Ct. 1937, 1950 (2009).

///

///

5

NOTICE OF MOTION AND MOTION TO DISMISS

## IV. ARGUMENT

Plaintiff's 78 paragraph Complaint fails to specifically or adequately allege any claims for relief against Fields. However, construing the Complaint liberally, Plaintiff's deficient claims for relief against Fields may seek injunctive/declaratory relief.[1] Plaintiff also seeks damages for alleged injuries to his property.

As discussed below, Plaintiff fails to allege that Fields committed a "tort" – of any kind – against him, and thus has failed to assert any claim against Fields which would potentially support an award of damages. Further, injunctive relief is not a proper claim for relief, and should therefore be dismissed as a matter of law. Finally, Plaintiff's "claim" for declaratory relief also fails as a matter of law for the reasons articulated below. Finally, Therefore, dismissal of Plaintiff's Complaint in its entirety is proper, and Fields' FRCP 12(b)(6) motion to dismiss should be granted.

### A. Plaintiff Fails to Allege Any Tort Claim Supporting an Award of Damages Against Fields.

At paragraph 13 of the Complaint, Plaintiff names Fields as a party who is being "sued for compensation for injuring and continuing to injure [Plaintiff's] property ..." However, Plaintiff fails to provide any facts supporting his allegation that Fields somehow damaged his property. Plaintiff also fails to allege a specific cause of action against Fields that would give rise to damages.

"To properly plead a cause of action [in tort] a plaintiff must plead that [he] suffered actual damages as the result of [the tort], and must describe the damages

---

[1] The Complaint also alleges a violation of Plaintiff's due process rights under U.S. Constitution Amendment XIV, Section 1 and a violation of the Civil Rights Act of 1871 (codified at 18 U.S.C. 1983), however, these claims for relief do not relate to Fields, based both upon the allegations of the Complaint and the undisputed fact that Fields did not grant the at-issue variance. Complaint, ¶14.

that were actually suffered." *Segura v. Green Tree Servicing, LLC*, 2011 WL 2462856, at *6 (E.D.Cal., June 17, 2011); *see also Johnson v. Washington Mut.*, 2010 WL 682456, at *7 (E.D.Cal. Feb. 24, 2010). Where a plaintiff has only pled that he suffered actual damages, and nothing more, such a conclusory allegation is insufficient. *Johnson, supra*, 2010 WL 682456, at *7.

Here, Plaintiff asserts in the Complaint that he has damages for "torts of $342,670.00 and constitutional torts of $10,967,040.00" (Complaint, ¶76), <u>yet he fails to even state what "tort" he alleges was committed by Fields</u> (or anyone else for that matter), or who is responsible for compensating him for these damage claims.[2] Specifically, Plaintiff has failed to (1) allege what tort he believes was committed against him by Fields, (2) plead that he suffered actual damages as a result of the tort, and (3) describe the damages that were actually suffered.

Although pro se complaints are liberally construed, Plaintiff's vague allegations of "injuries" simply do not meet the standard required to survive a motion to dismiss. *See Harris v. Mills* (2nd Cir. 2009) 572 F3d 66, 72 (pro se complaints liberally construed); *Bell Atl. Corp., supra*, 550 U.S. at 570 (in pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"). While Plaintiff argues in the Complaint that his property value has been negatively impacted by the variance granted to Butler by the City, he at no time alleges facts specific to Fields so as to sustain any cause of action against her. *Id*. Thus, Fields' FRCP 12(b)(6) motion to dismiss should be granted as a matter of law. *Johnson, supra*, 2010 WL 682456.

///
///
///

---

[2] Fields notes that the amount of these damages, unsupported by sufficient facts or legal argument, will be addressed in an anticipated FRCP Rule 11 motion for sanctions.

### B. Injunctive Relief Is Not A Proper Claim for Relief.

Plaintiff has improperly included "injunctive" relief as a claim against Fields. Complaint, ¶¶ 4, 15. However, "[i]njunctive relief 'is a remedy and not, in itself, a claim, and a claim must exist before injunctive relief may be granted.'" *Loder v. World Savings Bank, N.A.*, 2011 WL 1884733, at *8 (N.D.Cal. May 18, 2011) (citing *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168); *see also Cox Commc'ns PCS, L.P. v. City of San Marcos* (S.D.Cal.2002) 204 F.Supp.2d 1272, 1283 ("Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action."). Therefore, Fields' FRCP 12(b)(6) motion to dismiss should be granted as a matter of law, and Plaintiff's claim for injunctive relief dismissed without leave to amend. *Esoimeme v. Wells Fargo Bank*, 2011 WL 3875881, at *18 (E.D.Cal. September 1, 2011).

### C. Plaintiff's Request For Declaratory Relief Is Vague, Uncertain, And Unsupported By Facts.

A declaratory judgment case must be "ripe" for judicial determination. The controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *City of Colton v. American Promotional Events, Inc.-West* (9th Cir. 2010) 614 F.3d 998, 1004–1005. Here, Plaintiff has made no clear allegation of what, if any, declaratory relief he is seeking from Fields. In addition, Plaintiff has failed to offer any facts to support a claim against Fields for declaratory relief. *Balistreri, supra*, 901 F.2d 696, 699 (dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory").

Moreover, because the Complaint admits that the alleged "injuries" to Plaintiff's property have been occurring since 1991, those "injuries" are not of sufficient immediacy to warrant declaratory relief. Complaint, ¶ 27; *City of Colton*,

*supra*, 614 F3d 998, 1004-1005. Because Plaintiff's claim for declaratory relief is unclear, and due to the lack of sufficient facts pled, Fields' FRCP 12(b)(6) motion to dismiss should be granted as a matter of law.

## V. CONCLUSION

Because Plaintiff's claims for relief against Fields fail as a matter of law pursuant to FRCP 12(b)(6), Fields respectfully moves the Court for entry of an Order dismissing all claims against her with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: October 31, 2011        MIRMAN, BUBMAN & NAHMIAS, LLP

By: _____
Michael E. Bubman
Attorneys for Defendant Margaret C. Fields

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action.

I further certify that on November 9, 2011, I electronically filed the foregoing document via the Court of the State of California (CM/ECF) system, causing the following parties to be served by ECF email:

- **Charles David Sewell**
  charles.sewell@lacity.org

I further certify that the parties without access to the Court's ECF email notification were served via U.S. Mail today.

J H McQuiston
6212 Yucca Street
Los Angeles, CA 90028-3223

Date: November 9, 2011

Ana I. Acosta

{00173355}

11

NOTICE OF MOTION AND MOTION TO DISMISS