ORIGINAL
ORIGINAL

J.H. McQUISTON, *In Pro Se*
McQuiston Associates
6212 Yucca Street
Los Angeles, California 90028-3223
Telephone: (323) 464-6792
Facsimile: (323) 464-6792

FILED
2011 NOV 14 AM 10:08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.H. McQUISTON,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, Mayor; MARGARET C. FIELDS, Property Owner; SHAUN BUTLER, Property Lessee; RENEE WEITZER, City Employee; LINN K. WYATT, City Employee; ED P. REYES, City Councilmember; PAUL KREKORIAN, City Councilmember<br><br>Defendants. | CASE NO. CV11-05149-DSF(MRW)<br><br>OPPOSITION OF PLAINTIFF TO MOTION TO DISMISS OF DEFENDANT MARGARET FIELDS<br><br>DATE: DECEMBER 7, 2011<br>TIME: 9:30 AM<br>PLACE: CTRM: H – 9TH FLOOR<br>    US COURTHOUSE<br>312 North Spring Street<br>Los Angeles, California 90012 |

**PLAINTIFF JIM McQUISTON** submits the following Points & Authorities in Opposition to the Motion to Dismiss of Defendant **MARGARET FIELDS**:

/ / /

/ / /

/ / /

### I. Summary of Legal Argument

The defendant's failure to comply with Local Rule 7-3 (Meet & Confer) and this Court's Standing Order (Paragraph 7(b), Page 7) precludes the Court's consideration of this Motion.

In addition, Plaintiff intends to exercise his right to timely file a First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which filing will moot the pending motion to dismiss.

In that connection, subject to the Court's Order, plaintiff will substitute counsel Noel Weiss. Pursuant to General Order 05-07, once the Court approves the substitution, the reference to the Magistrate Judge is to be automatically vacated, with the assigned Magistrate Judge redesignated as the discovery Magistrate Judge.

For all of the foregoing reasons, the motion of defendant **MARGARET FIELDS** should be denied.

### II. Defendant's Failure to Comply With Local Rule 7-3 Precludes Consideration of the within Motion to Dismiss

Local Rule 7-3 directs that "In all cases not listed as exempt in LR.16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4). . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. . . [T]his conference ***shall take place*** at least five (5) days prior to the last day for filing the motion, otherwise the conference shall take place at least ten (10) days prior to the filing of the motion". (Emphasis Added).

Judge Fisher's Standing Order directs that "Counsel must comply with Local Rule 7-3. . . .**The *pro per* status of one or more parties does not eliminate this requirement. Failure to comply with this Rule will be grounds for sanctions. If**

fault is attributed to the moving party, the Court may decline to hear the motion." (Emphasis in Original).

Plaintiff affirmatively states that no such thorough 'meet and confer' took place.

Adhering to the requirements of Local Rule 7-3 necessitates the Court's denial of the motion, or the entry of an Order directing that the Motion will not be heard.

### III. The Motion Will Be Rendered Moot By the Plaintiff's Filing of A First Amended Complaint Pursuant to Rule 15(a).

Rule 15(a) of the Federal Rules of Civil Procedure permit a party to amend a complaint without leave of court "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Plaintiff will [illegible] timely file a First Amended Complaint. Such a filing will 'moot' out the pending motion.

### IV. Plaintiff's Substitution of Counsel Will Divest the Magistrate Judge Of Authority To Hear The Within Motion.

Pursuant to General Order No. 05-07, full-time Magistrate Judges shall hear all pro se Section 1983 cases. However, the General Order also provides at page 8, that "If a pro se civil rights plaintiff secures counsel. . . . then the reference under this General Order shall be vacated immediately by the Clerk of the Court, and the case shall be returned to the assigned District Judge with the assigned Mzagistrate Judge redesignated as the discovery Magistrate Judge." (Page 8).

Plaintiff has retained counsel and on November 14, 2011, will submit the necessary Substitution Request and Proposed Order to Judge Fischer for his review and approval. Assuming the Court approves the Substitution, the authority of the Magistrate Judge to hear this motion will automatically terminate.

*V. Rule 19, F.R.Civ.P. and Court's Rule 8 a Controlling Motions to Dismiss are Grounds for the Court to Preclude Consideration of Defendant's Motion*

Rule 19, F.R.Civ. P. **requires joinder** of any party who may be subject to jurisdiction of the Court (1) in whose absence complete relief cannot be accorded among those already parties, or (2) who claims an interest relating **to the subject of the action** and is so situated that the action's disposition in his absence (i) as a practical matter may impair or impede his ability to protect that interest, or (ii) may leave any of the parties already parties subject to a substantial risk incurring inconsistent obligations by reason of his claimed interest.

The Motion avers **apart from the contents of the Complaint** that Defendant Fields is the owner of the property at issue and it lies within the City of Los Angeles. Therefore, Defendant Fields is directly affected by the action because the City's and various minions's acts regarding the property are its issues.

Court Rule 8 a's Rule for Motions Pursuant to Rule 12 declares that Motions to Dismiss are strongly discouraged. It prescribes that such Motions are avoided "if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer, or counterclaim that could be corrected by amendment. *See Chang v Chen,* 80 F 3d 1293, 1296 (9th Cir 1996)."

The Plaintiff's asserting that Complaint will be amended, the Motion is not only out of order but failed to itemize, evaluate, and confer regarding complaint's deficiency that Defendant perceived with respect to being a party thereto.

*VI. Conclusion*

For the foregoing reasons, plaintiff requests the Motion of Defendant **MARGARET FIELDS** to dismiss plaintiff's complaint against her be denied.

DATED: November 14, 2011        Respectfully submitted,

8212 Yucca St, Los Angeles, CA 90028    **J. H. McQUISTON**, pro se

# PROOF OF SERVICE

I, **NOEL WEISS**, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice law before the bar of the State of California and before this Court. I make this Declaration in support of the within Proof of Service. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under this practice, it is customary for all correspondence and postage to be deposited in the US Mails on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date is more than one date after the date of mailing.

2. On November 14, 2011, I served the within Document on the parties who have appeared in this action as follows:

**OPPOSITION OF PLAINTIFF TO MOTION TO DISMISS OF DEFENDANT MARGARET FIELDS**

**XX**   By Mail: By placing the document(s) listed above in a sealed envelope with Postage fully prepaid, in the United States Mail at Los Angeles, California, addressed as set forth on the attached service list, to each of the persons named thereon.

___   By Email: By transmitting the document(s) listed above via email to the person(s) names on the attached Service List, to each of the persons named, at the email addresses noted thereon, and receiving confirmed transmission reports indicating that the documents were successfully transmitted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14 day of November, 2011. at Marina del Rey, California 90292

/s/ NOEL WEISS

## ATTACHMENT TO PROOF OF SERVICE

**TAYO A. POPOOLA, Deputy City Attorney**
Office of Los Angeles City Attorney
701 City Hall East, 200 North Main Street
Los Angeles, California 90012
Email: tayo.popoola@lacity.org
*Counsel for Defendant City of Los Angeles*

**DARIN MARGULES**
Law Office of Darin Margules and Associates
17835 Ventura Blvd., Suite 104
Encino, California 91316
Email: darin@marguleslawfirm.com
*Counsel for Defendant Shaun Butler*

**ALAN M. MIRMAN**
Mirman, Bubman & Nahmias, LLP
21860 Burbank Blvd., Suite 360
Woodland Hills, California 91367
Email: amirman@mbnlawyers.com
*Counsel for Defendant Margaret C. Fields*