1  **CARMEN A. TRUTANICH,** City Attorney (SBN 86629x)
   **TAYO A. POPOOLA,** Deputy City Attorney (SBN 134564)
2  **CHARLES D. SEWELL,** Deputy City Attorney (SBN 198903)
   701 City Hall East
3  200 North Main Street
   Los Angeles, California 90012
4  Telephone Number 213.978.8083
   Facsimile Number 213.978.8214
5  E-mail: charles.sewell@lacity.org

6  Attorneys for Defendant
   **CITY OF LOS ANGELES**

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  J. H. McQUISTON, | CASE NO.: CV11-05149-DSF(MRW) |
| 11                                  Plaintiff, | Assigned to the Honorable Dale S. Fischer |
| 12  vs. | |
| 13  CITY OF LOS ANGELES, a Charter City; ANTONIO VILLARAIGOSA, Mayor; MARGARET C. FIELDS, Property Owner; OCCIDENTAL ENTERTAINMENT GROUP HOLDINGS, a California Corporation, Property Lessee & Sublessor; COMMUNITY INVESTMENT HOLDINGS, INC. a California Corporation, Property Sublessee, dba 'THE ZONE'; SHAUN BUTLER, an Individual; RENEE WEITZER, City Employee; LINN K. WYATT, City Employee; ED P. REYES, City Councilmember; PAUL KREKORIAN, City Councilmember | **ANSWER OF DEFENDANTS CITY OF LOS ANGELES, MAYOR ANTONIO VILLARAIGOSA, RENEE WEITZER, LINN WYATT AND COUNCILMEMBERS ED P. REYES AND PAUL KREKORIAN TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES AND WRIT OF MANDATE; DEMAND FOR JURY TRIAL**<br><br>COURTROOM: RM. 840, ROYBAL |
| 22                                  Defendants. | |

23

24     DEFENDANTS CITY OF LOS ANGELES (the "City"), a municipal corporation,

25  ANTONIO VILLARAIGOSA, RENEE WIETZER, LINN WYATT, ED P. REYES,

26  and PAUL KREKORIAN (collectively "City Defendants") answer the complaint and

27  admit, deny and allege as follows:

28

1

# I.

## INTRODUCTION & SUMMARY OF CLAIMS

1. Deny the allegations, if any, in Paragraph 1 for lack of information and belief.

2. Allege that California Code of Civil Procedure ("Code of Civil Procedure") section 1094.5, Los Angeles City Charter section 562, Los Angeles Municipal Code ("LAMC") section 12.27, Government Code section 65906 and Topanga Assn. for A Scenic Community v. County of Los Angeles, 11 Cal.3d 506 (1974) speak for themselves, and otherwise deny the allegations in Paragraph 2, if any, for lack of information and belief.

3. Deny the allegations in Paragraph 3 for lack of information and belief.

# II.

## JURISDICTION AND VENUE

4. Admit that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Except as admitted, City Defendants deny the allegations, if any, in Paragraph 4 for lack of information and belief.

5. Allege that 42 U.S.C. section 1983, 42 U.S.C. section 1985(3), Amendments V and XIV, section 1, of the United States Constitution, Government Code sections 65852, 65860(d) and 65906, City Charter section 562, LAMC sections 12.27D, 12.17.5 12.24W(18) and 12.07C, Topanga Assn. for A Scenic Community v. County of Los Angeles, 11 Cal.3d 506 (1974), Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals, 66 Cal.2d 767 (1967) and West Chandler Boulevard Neighborhood Assn. v. City of Los Angeles, 198 Cal.App.4th 1506 (2011) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 5 for lack of information and belief.

6. Admit that venue lies in this District pursuant to 28 U.S.C. §1391(b).

# III.

## PARTIES

7. Allege that LAMC section 12.17.5 speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 7 for lack of information and belief.

8. Admit that Defendant CITY OF LOS ANGELES is a charter city. Otherwise, City Defendants deny the allegations in Paragraph 8 for lack of information and belief.

9. Admit that Defendant ANTONIO VILLARAIGOSA ("Defendant Villaraigosa") is the elected Mayor of Los Angeles. Allege that Los Angeles City Charter section 215 and any oath that Defendant Villaraigosa may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 9 for lack of information and belief.

10. Deny the allegations in Paragraph 10 for lack of information and belief.

11. Deny the allegations in Paragraph 11 for lack of information and belief.

12. Allege that LAMC section 12.70B(12) speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 12 for lack of information and belief.

13. Deny the allegations in Paragraph 13 for lack of information and belief.

14. Admit that Defendant RENEE WEITZER ("Defendant Weitzer") is employed by the City of Los Angeles as a staff member for Council District 4. Otherwise, City Defendants deny the allegations in Paragraph 14 for lack of information and belief.

15. Admit that Defendant LINN K. WYATT ("Defendant Wyatt") is employed the City of Los Angeles Department of City Planning ("Planning Department"). Otherwise, City Defendants deny the allegations in Paragraph 15 for lack of information and belief.

16. Admit that Defendant ED P. REYES ("Defendant Reyes") is the elected Councilmember for Council District 1 and Chairman of the City Council's Planning and Land Use Management Committee ("PLUM"). Allege that Los Angeles City Charter section 215 and any oath that Defendant Reyes may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 16 for lack of information and belief.

17. Admit that Defendant PAUL KREKORIAN ("Defendant Krekorian") is the elected Councilmember for Council District 2 and a member of PLUM. Allege that Los

Angeles City Charter section 215 and any oath that Defendant Krekorian may or may not have taken speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 17 for lack of information and belief.

## IV.

## GENERAL LAND USE PROTOCOL REGARDING ZONING VARIANCES

18. Allege that Government Code section 65850 and <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) speak for themselves. Otherwise, City Defendants deny the allegations, if any, in Paragraph 18 for lack of information and belief.

19. Allege that the 14th Amendment to the United States Constitution and Government Code section 65906 speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 19 for lack of information and belief.

20. Allege that Government Code section 65852 speaks for itself. Otherwise, City Defendants deny the allegations, if any, in Paragraph 20 for lack of information and belief.

21. Allege that LAMC section 12.24 speaks for itself. Otherwise, City Defendants deny the allegations, if any, in Paragraph 21 for lack of information and belief.

## V.

## THE CITY'S IMPLEMENTATION OF THE STATE MANDATED ZONING PROTOCOL REGARDING THE GRANTING OF ZONING VARIANCES

22. Allege that City Charter section 562 and Government Code section 65906 speak for themselves and otherwise deny the allegations in Paragraph 22, if any, for lack of information and belief.

23. Allege that City Charter section 562, LAMC sections 12.27A, 12.27B, 12.27C, 12.27D. 12.27K, 12.27L, 12.27O and 12.27P, Government Code section 65906 and <u>West Chandler Boulevard Neighborhood Assn. v. City of Los Angeles</u>, 198

1  Cal.App.4th 1506 (2011) speak for themselves.  Otherwise, City Defendants deny the
2  allegations in Paragraph 23 for lack of information and belief.

## VI.
## THE PROCEEDINGS ATTENDANT TO THE
## VARIANCE GENERAL BACKGROUND FACTS

24. Deny the allegations in Paragraph 24 for lack of information and belief.

25. Allege that the City's "General Plan Framework" speaks for itself and otherwise deny the allegations in Paragraph 25, if any, for lack of information and belief.

26. Deny the allegations in Paragraph 26 for lack of information and belief.

27. Allege that LAMC sections 12.17.5 and 12.17.6A speak for themselves and otherwise deny the allegations in Paragraph 27, if any, for lack of information and belief.

28. Deny the allegations in Paragraph 28 for lack of information and belief.

29. Allege that LAMC sections 12.24W8(c) and 12.70B(12) speak for themselves and otherwise deny the allegations in Paragraph 30, if any, for lack of information and belief.

## THE SPECIFIC VARIANCE PROCEEDINGS INVOLVING
## THE 1035 NORTH SYCAMORE AVENUE PROPERTY

30. Allege that LAMC section 12.70C speaks for itself and otherwise deny the allegations in Paragraph 30, if any, for lack of information and belief.

31. Deny the allegations in Paragraph 31 for lack of information and belief.

32. Deny the allegations in Paragraph 32 for lack of information and belief.

33. Deny the allegations in Paragraph 33 for lack of information and belief.

34. Deny the allegations in Paragraph 34 for lack of information and belief.

35. Allege that the findings of Defendant Wyatt, the Associate Zoning Administrator ("AZA") in the matter, LAMC section 12.17.5, Government Code section 65350, Topanga Assn. for A Scenic Community v. County of Los Angeles, 11 Cal.3d

506 (1974) and <u>Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals</u>, 66 Cal.2d 767 (1967) speak for themselves and otherwise deny the allegations in Paragraph 35 for lack of information and belief.

### THE CENTRAL AREA PLANNING COMMISSION HEARING

36. Allege that LAMC section 12.27K speaks for itself and otherwise deny the allegations in Paragraph 36, if any, for lack of information and belief.

37. Allege that the findings and conclusions of the Central Area Planning Commission ("CAPC") speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 37.

### THE CITY COUNCIL APPEAL

38. Allege that LAMC section 12.24W18(c) speaks for itself and otherwise deny the allegations in Paragraph 38, if any, for lack of information and belief.

39. Allege that the Administrative Record of this matter, including submittals to PLUM, speaks for itself. Furthermore, <u>Topanga Assn. for A Scenic Community v. County of Los Angeles</u>, 11 Cal.3d 506 (1974) and <u>Broadway, Laguna, Vallejo Assn. v. Board of Permit Appeals</u>, 66 Cal.2d 767 (1967) speak for themselves. Otherwise, City Defendants deny the allegations in Paragraph 39 for lack of information and belief.

40. Allege that the Administrative Record, including statements of all speakers at various proceedings, speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 40 for lack of information and belief.

41. Deny the allegations in Paragraph 41 for lack of information and belief.

42. Deny the allegations in Paragraph 42 for lack of information and belief.

43. Allege that the Administrative Record, including all submittals to the CAPC, speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 43 for lack of information and belief.

44. Deny the allegations in Paragraph 44 for lack of information and belief.

45. Deny the allegations in Paragraph 45 for lack of information and belief.

46. Allege that the Administrative Record, including the proceedings before Council, speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 46 for lack of information and belief.

47. Deny the allegations in Paragraph 47 for lack of information and belief.

48. Allege that the Administrative Record, including the action of the Mayor, speaks for itself. Otherwise, City Defendants deny the allegations in Paragraph 48 for lack of information and belief.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S 14TH AMENDMENT RIGHTS TO EQUAL PROTECTION UNDER THE LAW RESULTING FROM DEFENDANT CITY'S GRANT OF AN UNLAWFUL VARIANCE TO DEFENDANTS BUTLER & HOLDINGS

### [BY PLAINTIFF AGAINST DEFENDANT CITY OF LOS ANGELES AND ALL NAMED CITY-EMPLOYEE AND OFFICIAL DEFENDANTS]

49. City Defendants incorporate by reference the admissions, allegations and denials contained in the answers to Paragraphs 1 through 48 as if set forth fully herein.

50. Deny the allegations in Paragraph 50 for lack of information and belief.

51. Deny the allegations in Paragraph 51, if any.

52. Deny the allegations in Paragraph 52.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54.

55. Deny the allegations in Paragraph 55.

56. Deny the allegations in Paragraph 56.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF 42 USC §1983 FOR VIOLATION OF PLAINTIFF'S 14TH AMENDMENT RIGHTS TO SUBSTANTIVE DUE PROCESS UNDER THE LAW RESULTING FROM DEFENDANT CITY'S GRANT OF AN UNLAWFUL VARIANCE TO DEFENDANTS BUTLER & HOLDINGS

[BY PLAINTIFF AGAINST DEFENDANT CITY OF LOS ANGELES AND ALL NAMED CITY-EMPLOYEE AND OFFICIAL DEFENDANTS]

57. City Defendants incorporate by reference the admissions, allegations and denials contained in the answers to Paragraphs 1 through 56 as if set forth fully herein.

58. Deny the allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60.

61. Deny the allegations in Paragraph 61.

## THIRD CLAIM FOR RELIEF

## CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS RIGHTS TO EQUAL PROTECTION ABD SUBSTANTIVE DUE PROCESS

## [42 USC §1983 AND 42 USC §1985(3)] [BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT DEFENDANT CITY OF LOS ANGELES]

62. City Defendants incorporate by reference the admissions, allegations and denials contained in the answers to Paragraphs 1 through 61 as if set forth fully herein.

63. Allege that 42 U.S.C. section 1985 and Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621 (9th Cir. 1988) speak for themselves, and otherwise deny the allegations in Paragraph 63, if any, for lack of information and belief.

64. Deny the allegations in Paragraph 64.

65. Deny the allegations in Paragraph 65.

66. Deny the allegations in Paragraph 66.

67. Deny the allegations in Paragraph 67.

## FOURTH CLAIM FOR RELIEF

## DECLARATORY RELIEF [BY PLAINTIFF AGAINST DEFENDANT CITY OF LOS ANGELES AND ALL NAMED CITY-EMPLOYEE AND OFFICIAL DEFENDANTS]

68. City Defendants incorporate by reference the admissions, allegations and denials contained in the answers to Paragraphs 1 through 67 as if set forth fully herein.

69. Deny the allegations in Paragraph 69.

## FIFTH CLAIM FOR RELIEF
## WRIT OF MANDATE – CALIFORNIA CODE OF
## CIVIL PROCEDURE SECTION 1094.5 [BY PLAINTIFF
## AGAINST DEFENDANT CITY OF LOS ANGELES,
## AND DEFENDANTS FIELDS, HOLDINGS, AND BUTLER]

70. City Defendants incorporate by reference the admissions, allegations and denials contained in the answers to Paragraphs 1 through 69 as if set forth fully herein.

71. Deny the allegations in Paragraph 71.

72. Deny the allegations in Paragraph 72.

73. Deny the allegations in Paragraph 73.

75.[1] Deny the allegations in Paragraph 75.

## AFFIRMATIVE DEFENSES

1. The Complaint does not state sufficient facts to constitute a claim upon which relief may be granted.

2. Plaintiff's claims are precluded under the doctrine of res judicata because Plaintiffs failed to seek state judicial review of the City's administrative decision.

3. The issues raised in Plaintiff's Complaint are precluded under the doctrine of collateral estoppel because similar issues have been adjudicated in the unreviewed administrative decision of the City.

4. Plaintiff's action should be dismissed pursuant to the *Pullman* abstention doctrine because Plaintiffs failed to seek state judicial review of the City's administrative decision.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff has waived any and all claims they may have had against the City.

---

[1] It appears Plaintiff inadvertently labels the paragraph immediately following Paragraph 73 as "75."

9

Case 2:11-cv-05149-DSF-MRW   Document 35   Filed 01/04/12   Page 10 of 10   Page ID #:303

7. The complaint fails to state a claim because Plaintiff failed to exhaust administrative and judicial remedies afforded under the laws of the State of California and the United States.

8. Plaintiff's claims are not ripe.

9. Plaintiff's action should be dismissed because the Statute of Limitations has passed.

10. The individually named City Defendants are entitled to qualified immunity.

WHEREFORE, THE CITY PRAYS FOR JUDGMENT AS FOLLOWS:

1. That the action be dismissed in its entirety;

2. That the City be awarded costs of suit; and

3. That the City be awarded other and further relief as the court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. 1988.

## DEMAND FOR JURY TRIAL

City Defendants request that Plaintiff's claim for damages be tried before a jury.

Dated: January 4, 2012          Respectfully submitted,

CARMEN A. TRUTANICH, City Attorney
TAYO A. POPOOLA, Deputy City Attorney
CHARLES D. SEWELL, Deputy City Attorney

By: _____
         CHARLES D. SEWELL
         Deputy City Attorney

Attorneys for Defendant
**CITY OF LOS ANGELES**

M:\RP-P\Land Use\Charles Sewell\LU - Active Cases\McQuiston\Litigation\McQ - Answer to 2nd Amed CX (TP).doc

10