ALAN M. MIRMAN, SBN 66883
MICHAEL E. BUBMAN, SBN 143468
KIRAN SINGH, SBN 252467
MIRMAN, BUBMAN & NAHMIAS, LLP
21860 Burbank Boulevard, Suite 360
Woodland Hills, California 91367
Tel: (818) 451-4600
Facsimile: (2818) 451-4620
E-Mail: amirman@mbnlawyers.com
        mbubman@mbnlawyers.com
        ksingh@mbnlawyers.com

Attorneys for Defendants Margaret C. Fields
and Occidental Entertainment Group Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.H. MCQUISTON,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>   Defendants. | Case No. CV 11-05149-DSF-MRW<br><br>*(Honorable Dale S. Fischer)*<br><br>NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P 12(b)(6)<br><br>Date: February 27, 2012<br>Time: 1:30 p.m.<br>Ctrm.: 840 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Margaret C. Fields ("Fields") and Occidental Entertainment Group Holdings, Inc. ("Occidental"), will and hereby do respectfully move on February 27, 2012, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 840 of the above-entitled Court located at 255 East Temple Street, Los Angeles, California 90012, for an Order dismissing with prejudice all claims against them set forth in the Second Amended Complaint ("SAC") of Plaintiff J.H. McQuiston ("Plaintiff") (D.E. 31) on the ground that the

{00181844} 1
**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

SAC fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, such other further evidence as the Court may receive on or before hearing on this matter, and those matters of which the Court may take judicial notice.

Further, this Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 30, 2011.

Dated: January 4, 2012          MIRMAN, BUBMAN & NAHMIAS, LLP


By: _____/s/ Michael Bubman_____
          Michael E. Bubman
Attorneys for Defendants Margaret C. Fields and
Occidental Entertainment Group Holdings, Inc.

{00181844}                                   2
**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

Defendants Margaret C. Fields ("Fields") and Occidental Entertainment Group Holdings, Inc. ("Occidental") respectfully request that this Court dismiss all claims against them pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted. In what can be seen as akin to a spray of buckshot, Plaintiff J.H. McQuiston ("Plaintiff"), owner of the real property located at 1035 N. Orange St. in Los Angeles, has sued a plethora of people and entities in an effort to contest the **City of Los Angeles' decision** to renew a variance at the property neighboring his, 1037 N. Sycamore Avenue (the "Sycamore Property"). The lawsuit includes Fields (the owner of the Sycamore Property), Occidental (the master tenant of the Sycamore Property); Community Investment Holdings, Inc., dba 'The Zone' ("Community") (Occidental's sub-lessee and operator of the business at issue in the variance); Shaun Butler ("Butler") (the President of Community); as well as the Mayor of Los Angeles ("Mayor") and various Los Angeles City councilmembers and employees.

Plaintiff does not dispute the fact that identical variances have been approved by the City of Los Angeles (the "City") for Community's business operations at the Sycamore Property in the past, as it did once again in 2010. What Plaintiff appears to contest is the fact that any variances (past or present) were approved at all, alleging that the City failed to properly evaluate the requested variances in accordance with the relevant legal standards. There is absolutely no connection whatsoever to Fields and Occidental, and Plaintiff has not alleged that Fields or Occidental granted the variance. The bottom line is that Fields is a private citizen and Occidental a private corporation, neither of whom granted the variance application at issue. As a result, Fields and Occidental should not be parties to this litigation.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Fields owns the Sycamore Property. Complaint, ¶10. Fields leased the Sycamore Property to Occidental, who in turn subleased the Sycamore Property to Community. *Id.*, ¶¶11-12. In 2010, after the expiration of an identical variance, Butler applied for a new variance for the Sycamore Property to continue operating his business. *Id.*, ¶13, 32. At some point thereafter, multiple hearings took place with respect to the variance application. *Id.*, ¶¶33, 36, 39, 46. Plaintiff submitted briefs and materials to the City, and the variance application was evaluated pursuant to required "Findings." *Id.*, ¶¶34, 35, 38-39. The variance was approved by the Planning Land Management Committee, the City, and thereafter by the Mayor in or around March 2011. *Id.*, ¶¶35, 37, 44, 46, 48. On or about June 20, 2011, Plaintiff filed the instant action.[1]

## III.   STANDARD OF REVIEW

A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. *Davis v. Monroe County Bd. of Educ*. (1999) 526 U.S. 629, 633; *Lee v. City of Los Angeles* (9th Cir. 2011) 250 F.2d 668, 688. In reviewing a Rule 12(b)(6) motion, courts "generally assume the factual contentions to be true … [The courts] do not however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Shwarz v. United States* (9th Cir. 2000) 234 F.3d 428, 435. Furthermore, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*

---

[1] Plaintiff has sued both Fields and Occidental for their alleged involvement in the City's granting of the variance. This blatant attempt to chill Fields' and Occidental's First Amendment rights of free speech and petition will be the subject of an anticipated Anti-SLAPP motion, which Fields and Occidental intend to file shortly so that the Anti-SLAPP motion may be heard on the same day as the instant motion.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*v. Twombly* (2007) 550 U.S. 544, 555. A complaint will not survive "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal* (2009) 129 S.Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 557).

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of New York* (2d Cir. 1999) 186 F.3d 243, 247. Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* (9th Cir. 1988) 901 F.2d 696, 699; *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041. In pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp., supra*, 550 U.S. at 570. This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian* (9th Cir.1992) 978 F.2d 1115, 1121; *see Halkin v. VeriFone, Inc.* (9th Cir.1993) 11 F.3d 865, 868; *see also Clegg v. Cult Awareness Network* (9th Cir.1994) 18 F.3d 752, 754–55 (stating that on Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged"). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors* (9th Cir.2001) 266 F.3d 979, 988. Rather, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief. *Ashcroft, supra*, 129 S.Ct. 1937, 1950 (2009).

## IV. ARGUMENT

Plaintiff's 74 paragraph Complaint fails to specifically or adequately allege <u>any</u> valid claims for relief against Fields or Occidental. Plaintiff's deficient claims for relief against Fields and Occidental include a claim for civil conspiracy, which is not an independent tort. Plaintiff also seeks damages against both Fields and Occidental for alleged injuries to his property, even though he has failed to allege that either Fields or Occidental committed a "tort" – of any kind – against him. Furthermore, Plaintiff's claims against various other defendants, that the granting of the variance by the City was a violation of the Civil Rights Act of 1871 (codified at 42 U.S.C. 1983), were not alleged as to either Fields or Occidental because such a claim would necessarily fail. Thus, Plaintiff not only has failed to assert any claim which would potentially support an award of damages, but <u>cannot</u> allege either of his Constitutional tort claims against Fields or Occidental. Lastly, Plaintiff makes a deficient claim for a writ of mandate against Fields, which is not a valid claim for relief in this instance. Therefore, dismissal of Plaintiff's Complaint in its entirety is proper, and Fields and Occidental's FRCP 12(b)(6) motion to dismiss should be granted.

### A. **Plaintiff Has Failed To Allege Any Tort Claim Against Fields or Occidental**

Plaintiff has alleged that by supporting the variance application, Fields and Occidental acted in furtherance of the alleged conspiracy to deny Plaintiff his constitutional rights. Complaint, ¶¶62, 64, 66(e). However, Plaintiff's conspiracy claim against Fields and Occidental fails necessarily because civil conspiracy is not an independent tort. *Santa Fe Pacific Realty Corp. v United States* (E.D. Cal. 1991) 780 F.Supp. 687. As Judge Posner explained in *Jones v. City of Chicago* (7th Cir.1988) 856 F.2d 985, 992, which was also a §1983 constitutional-tort case, "the

{00181844}    6

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." In other words, there is no civil action based on conspiracy alone, and Plaintiff has failed to allege any tort against Fields or Occidental to which the conspiracy claim for relief could potentially attach. *University System of New Hampshire v United States Gypsum Co.* (D.NH. 1991) 756 F.Supp. 640. Therefore, Fields and Occidental's FRCP 12(b)(6) motion to dismiss should be granted.

### 1. Plaintiff's Failure to Allege a Tort Against Fields or Occidental Renders His Damages Claims Moot

At paragraph 67 of the Complaint, Plaintiff alleges that as a result of the conduct of Fields, Occidental, and the other defendants, Plaintiff has been damaged and, further, estimates his damages to be approximately $11,309,670.00. [2] Complaint, ¶¶55-56, 67. However, as discussed above Plaintiff fails to allege a viable claim for relief against Fields or Occidental that would give rise to damages. "To properly plead a cause of action [in tort] a plaintiff must plead that [he] suffered actual damages as the result of [the tort], and must describe the damages that were actually suffered." *Segura v. Green Tree Servicing, LLC*, 2011 WL 2462856, at *6 (E.D.Cal., June 17, 2011); *see also Johnson v. Washington Mut.*, 2010 WL 682456, at *7 (E.D.Cal. Feb. 24, 2010). Where a plaintiff has only pled that he suffered actual damages, and nothing more, such a conclusory allegation is insufficient. *Johnson, supra,* 2010 WL 682456, at *7.

Here, Plaintiff <u>fails to even allege that Fields or Occidental committed a "tort" against him</u>. Specifically, Plaintiff has failed to (1) allege what tort he believes was committed against him by Fields or Occidental, (2) plead that he

---

[2] Fields and Occidental note that the amount of these damages, unsupported by sufficient facts or legal argument, will be addressed in an anticipated FRCP Rule 11 motion for sanctions.

{00181844}                                              7
**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

suffered actual damages as a result of the tort, and (3) describe the damages that were actually suffered. Plaintiff's vague claim that he suffered damages simply does not meet the standard required to survive a motion to dismiss. *Bell Atl. Corp., supra*, 550 U.S. at 570 (in pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"). Further, as noted above Plaintiff has failed to even allege a tort against Fields or Occidental which would give rise to damages – even if they were properly pled. *Santa Fe Pacific Realty Corp. v United States* (E.D. Cal. 1991) 780 F.Supp. 687. Thus, Fields and Occidental's FRCP 12(b)(6) motion to dismiss should be granted as a matter of law. *Id.; Johnson, supra,* 2010 WL 682456.

### 2. Neither Fields Nor Occidental Violated Plaintiff's Civil Rights

As noted above, Plaintiff's conspiracy claim for relief against Fields and Occidental fails as a matter of law because Plaintiff has failed to yoke that claim to a tort claim against these defendants. *Santa Fe Pacific Realty Corp., supra,* 780 F.Supp. 687. Furthermore, Plaintiff cannot amend to allege his Constitutional tort claims against either Fields or Occidental because to state a claim under 42 U.S.C. 1983, a plaintiff must allege facts sufficient to show (1) a person acting "under color of state law" committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Coreno v. Armstrong*, *supra,* WL 4571756 at *12 [emphasis added]; *see also* 42 U.S.C.A. § 1983 (West 2003); *Shah v. County of Los Angeles* (9th Cir. 1986) 797 F.2d 743, 746.

Thus, since Fields and Occidental do not and did not act on behalf of the state at any time with regards to the granting of the variance – and Plaintiff does not allege otherwise – any involvement Fields or Occidental may or may not have had with respect to the City's granting of the variance was done solely as private

citizens and undisputedly not taken "under the color of state law." *Coreno v. Armstrong*, *supra,* WL 4571756 at *12. Fields and Occidental's FRCP 12(b)(6) motion to dismiss should therefore be granted.

## B. A Writ of Mandate is Not a Proper Claim for Relief as To Fields, a Private Citizen Who Is Not a Public Officer or Agent of the State

Plaintiff has alleged a 'writ of mandate' claim for relief against Fields. This claim clearly fails because a writ of mandate is not a proper claim for relief against a private citizen. *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558 (a writ of mandate will issue against a county, city or other public body or against a public officer). Therefore, Fields' FRCP 12(b)(6) motion to dismiss Plaintiff's claim for writ of mandate should be granted as a matter of law.

It is well settled that "[a] writ of mandate will lie to 'compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station' (CCP §1085) 'upon the verified petition of the party beneficially interested,' in cases 'where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.' (CCP §1086)." *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558. A writ of mandate is appropriate to correct an abuse in the exercise of discretion by the respondent (*RLI Ins. Co. Group v. Super.Ct. (Calif. Dept. of Ins.)* (1996) 51 CA4th 415, 433) or to enforce a nondiscretionary duty to act on the part of a court, an administrative agency, or officers of a corporate or administrative agency. *Hendrix v. Super.Ct* (2011) 191 Cal.4th 889, 893.

Notably, a writ of mandate will issue against a county, city or other public body or against a public officer, and is available to compel an officer or agent of the state to perform an act that "the law specifically enjoins." CCP §1085(a); *Venice*

{00181844}  9

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558, citing *Housing Authority v. City of Los Angeles* (1952) 38 Cal.2d 853, 869–871; *see also Hawthorn v. City of Beverly Hills* (1952) 111 Cal.App.2d 723, 731. Here, Fields is a private citizen and not a public officer or agent of the state – a fact which Plaintiff does not dispute. Therefore, a writ of mandate cannot lie as to Fields, and Fields' FRCP 12(b)(6) motion to dismiss should be granted as a matter of law.

## V.  CONCLUSION

Because Plaintiff's claims for relief against Fields and Occidental fail as a matter of law pursuant to FRCP 12(b)(6), Fields and Occidental respectfully moves the Court for entry of an Order dismissing all claims against them with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: January 4, 2012            MIRMAN, BUBMAN & NAHMIAS, LLP


By: _____*/s/ Michael Bubman*_____
        Michael E. Bubman
Attorneys for Defendants Margaret C. Fields and Occidental Entertainment Group Holdings, Inc.

{00181844}

10

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action.

I further certify that on January 4, 2012, I electronically filed the foregoing document entitled "NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P 12(b)(6)" via the United States District Court Central District of California Case Management and Electronic Case Filing (CM/ECF) system, causing the parties who have appeared in this action to be served by ECF email.

Date: January 4, 2012                          ___/s/ Cynthia Carman_____
                                                                Cynthia Carman