1  Darin Margules, Esq. (State Bar No. 195282)
2  LAW OFFICE OF DARIN MARGULES AND ASSOCIATES
   17835 Ventura Blvd., Suite 104
3  Encino, California 91316
4  Telephone: (818) 344-5900
   Facsimile: (818) 344-7711
5

6  Attorney for Defendants,
   COMMUNITY INVESTMENT HOLDINGS, INC.
7  dba 'THE ZONE' and SHAUN BUTLER

8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11 | J. H. McQUISTON,                        | Case No.: CV 11-5149-DSF-MRW |
12 |     Plaintiff,                          |                              |
13 |                                         | **DEFENDANTS COMMUNITY**     |
   | vs.                                     | **INVESTMENT HOLDINGS, INC.**|
14 |                                         | **dba 'THE ZONE' and SHAUN** |
15 | CITY OF LOS ANGELES; ANTONIO            | **BUTLER'S NOTICE OF**       |
   | VILLARAIGOSA, Mayor;                    | **MOTION AND MOTION TO**     |
16 | MARGARET C. FIELDS, Property            | **DISMISS PLAINTIFF'S SECOND**|
   | Owner; OCCIDENTAL                       | **AMENDED COMPLAINT FOR**    |
17 | ENTERTAINMENT GROUP                     | **FAILURE TO STATE A CLAIM** |
   | HOLDINGS, a California Corporation,     | **PURSUANT TO F.R.C.P. 12(b)(6);**|
18 | Property Lessee & Sublessor;            | **MEMORANDUM OF POINTS**     |
   | COMMUNITY INVESTMENT                    | **AND AUTHORITIES IN**       |
19 | HOLDINGS, INC., Property Sublessee,     | **SUPPORT THEREOF;**         |
   | dba 'THE ZONE'; SHAUN BUTLER,           | **DECLARATION OF DAVID**     |
20 | an Individual; RENEE WEITZER, City      | **GHARAKHANIAN, JR., ESQ.**  |
   | Employee; LINN K. WYATT, City           |                              |
21 | Employee; ED P. REYES, City             | Date: February 27, 2012      |
   | Councilmember; PAUL KREKRIAN,           | Time: 1:30 p.m.              |
22 | City Councilmember;                     | Ctrm: 840                    |
23 |     Defendants.                         |                              |

24
25
26
27
28

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A
CLAIM PURSUANT TO F.R.C.P. 12(b)(6)
-1-

1  **TO THE HONORABLE COURT AND TO ALL PARTIES AND**
2  **THEIR ATTORNEYS OF RECORD:**
3     **PLEASE TAKE NOTICE THAT** on February 27, 2012, at 1:30 p.m. or as
4  soon thereafter as the matter may be heard in Courtroom 840 of the above-entitled
5  Court, located at 255 East Temple Street, Los Angeles, California 90012,
6  Defendants Community Investment Holdings, Inc. dba 'The
7  Zone'("COMMUNITY INVESTMENT") and Shaun Butler ("BUTLER") will
8  move this Court for an Order dismissing the Second Amended Complaint of
9  Plaintiff J.H. McQuiston ("Plaintiff") pursuant to *Federal Rule of Civil Procedure*
10 12(b)(6) for the failure to state a claim upon which relief can be granted.
11     This Motion will be based upon this notice of motion and motion, the
12 attached memorandum of points and authorities, the complete files and records in
13 this action, the oral argument of counsel, and upon such other and further evidence
14 as this Court might deem proper.
15     Further, this Motion is brought following moving defendants' counsel's
16 good-faith attempt to conduct a meet and confer with Plaintiff's counsel, in
17 accordance with Civil Local Rule 7-3. However, an informal resolution could not
18 be reached. As such, the instant Motion has become necessary.
19
20 Dated this 4th day of January, 2012          **LAW OFFICE OF DARIN**
21                                              **MARGULES AND ASSOCIATES**
22
23                                              _/s/ D. M._
24                                              Darin Margules, Esq.
25                                              Attorney for Defendant,
                                                COMMUNITY INVESTMENT
26                                              HOLDINGS, INC. dba 'THE ZONE'
27                                              and SHAUN BUTLER
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

For various reasons, as more fully set forth in detail herein, Defendants Community Investment Holdings, Inc. dba 'The Zone'(hereinafter "COMMUNITY INVESTMENT") and Shaun Butler (hereinafter "BUTLER") have been improperly named as defendants in this action. Plaintiff's Second Amended Complaint, as it applies to COMMUNITY INVESTMENT and BUTLER, must be dismissed pursuant to *Federal Rule of Civil Procedure* (hereinafter "FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's 78-paragraph Complaint, while numbingly dense and full of background information and history, essentially boils down to one grievance – that in 2010 the City of Los Angeles (hereinafter "City") approved a zoning variance applied for by COMMUNITY INVESTMENT, which allowed COMMUNITY INVESTMENT to continue operating its business as a subtenant of the real property in question located at 1037 N. Sycamore Avenue, Los Angeles, California 90038 (hereinafter "Sycamore Property"). However, the Complaint does not contain the requisite allegations for recovery under any relevant legal theory. In fact, Plaintiff's Complaint is completely devoid of any specific allegations of wrongdoing on the part of the moving defendants and therefore fails to assert any colorable cause of action against BUTLER, who serves as the President of COMMUNITY INVESTMENT, or the actual subtenant, COMMUNITY INVESTMENT, for that matter.

Plaintiff does not dispute the fact that variances were properly requested and were approved by the City in the past, and once again in 2010. Although a proper cause of action has not been plead against *any* party, what Plaintiff presumably contests is the fact that the zoning variances were approved – that the City failed to

properly evaluate the requested variances in accordance with the relevant legal standards. However, there is absolutely no connection whatsoever to BUTLER or COMMUNITY INVESTMENT. The bottom line is that BUTLER is a private citizen who simply applied for, on behalf of COMMUNITY INVESTMENT, and was approved for a continued variance to operate a business at the Sycamore Property. Plaintiff took recourse and appealed the 2010 approval of the variance, which was denied by the Central Los Angeles Area Planning Commission on December 7, 2010. A true and correct copy of said denial will be presented to Plaintiff and the Court at the appropriate time.

Zoning is a land use regulation exercised by local governments. California's "police power" provides the right to adopt and enforce zoning regulations, as long as they do not conflict with state laws. (See California Constitution, Article XI, Section 7.) In this case, BUTLER, on behalf of COMMUNITY INVESTMENT, applied for a zoning variance and the City, in accordance with its vested powers, approved the application. BUTLER and COMMUNITY INVESTMENT clearly have no authority or control over the City's approval process and therefore have no business being named as defendants in this action.

For these reasons, Plaintiff's Second Amended Complaint fails in its entirety and moving defendants' motion to dismiss pursuant to FRCP 12(b)(6) should be granted as to each of Plaintiff's claims, without leave to amend.

## II.

## STATEMENT OF FACTS PLEAD BY PLAINTIFF

Defendant MARGARET C. FIELDS (hereinafter "FIELDS") owns the Sycamore Property. (See Complaint, ¶10.) FIELDS leased the Sycamore Property to Defendant OCCIDENTAL ENTERTAINMENT GROUP HOLDINGS (hereinafter "OCCIDENTAL"), who in turn subleased the Sycamore Property to COMMUNITY INVESTMENT. (*Id.*, ¶¶11-12.) In 2010, after the expiration of an identical variance, BUTLER applied for a new variance for the Sycamore Property

to continue operating his business. (*Id.*, ¶¶13, 32.) At some point thereafter, multiple hearings took place with respect to the variance application. (*Id.*, ¶¶33, 36, 39, 46.) Plaintiff submitted briefs and materials to the City, and the variance application was evaluated pursuant to required "Findings." (*Id.*, ¶¶34, 35, 38-39.) The variance was approved by the Planning Land Management Committee, the City, and thereafter by the Mayor in or around March 2011. (*Id.*, ¶¶35, 37, 44, 46, 48.) On or about June 20, 2011, Plaintiff filed the instant action.

## III.
## STANDARD OF REVEEW

FRCP 12(b)(6) empowers federal courts to dismiss a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under FRCP 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. (See *Davis v. Monroe County Bd. of Educ.* (1999) 526 U.S. 629, 633; see also *Lee v. City of Los Angeles* (9th Cir. 2011) 250 F.2d 668, 688.) In reviewing a Rule 12(b)(6) motion, courts "generally assume the factual contentions to be true… [The courts] do not however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." (See *Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; see also *Shwarz v. United States* (9th Cir. 2000) 234 F.3d 428, 435.) Furthermore, a plaintiff's factual allegations must be enough to raise a right a relief above the speculative level. (See *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555.) A complaint will not survive if it tenders 'naked assertions' devoid of 'further factual enhancement. (*Id.*, at 557.)

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (See *Harris v. City of New York* (2d Cir. 1999) 186 F.3d 243, 247.) Dismissal is proper if the complaint lacks a "cognizable legal theory" or sufficient facts alleged under a cognizable legal theory. (See *Balistreri v. Pacifica Police*

1  *Department* (9th Cir. 1988) 901 F.2d 696, 699; see also *Shroyer v. New Cingular*
2  *Wireless Services, Inc.* (9th Cir. 2010) 622 F.3d 1035, 1041.) In pleading
3  sufficient facts, a plaintiff must proffer enough facts to state a claim to relief that is
4  plausible on its face. (See *Bell Atl. Corp., supra,* at 570.) This requires more than
5  labels and conclusions, and a formulaic recitation of the elements of a cause of
6  action will not do. (*Id.*, at 555.)

7      The court need not accept conclusory allegations in the complaint as true;
8  rather, it must examine whether they follow from the description of facts as alleged
9  by the plaintiff. (See *Holden v. Hagopian* (9th Cir.1992) 978 F.2d 1115, 1121; see
10 also *Halkin v. VeriFone, Inc.* (9th Cir. 1993) 11 F.3d 865, 868; see also *Clegg v.*
11 *Cult Awareness Network* (9th Cir.1994) 18 F.3d 752, 754-55 stating that on Rule
12 12(b)(6) motion, a court is not required to accept legal conclusions cast in the form
13 of factual allegations if those conclusions cannot reasonably be drawn from the
14 facts alleged.) Nor is the court required to accept as true allegations that are merely
15 conclusory, unwarranted deductions of fact, or unreasonable inferences. (See
16 *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988.) Rather,
17 where the well-pleaded facts do not permit the court to infer more than the mere
18 possibility of misconduct, the complaint has alleged – but it has not shown – that
19 the pleader is entitled to relief. (See *Ashcrof v. Iqbal* (2009) 129 S.Ct. 1937, 1950.

20                    **IV.**
21              **LEGAL ARGUMENT**
22   A.    **Introduction**
23     Plaintiff's Complaint fails to specifically or adequately allege <u>any</u> valid
24 claims for relief against COMMUNITY INVESTMENT or BUTLER. Plaintiff's
25 deficient claims for relief against COMMUNITY INVESTMENT and BUTLER
26 include a claim for civil conspiracy, which is not an independent tort. Plaintiff also
27 seeks damages against both COMMUNITY INVESTMENT and BUTLER for
28 alleged injuries to his property, even though he has failed to allege that either

COMMUNITY INVESTMENT or BUTLER committed a "tort" – of any kind – against him. Thus, Plaintiff has failed to assert any claim which would potentially support an award of damages.

Further, Plaintiff makes a deficient claim for a writ of mandate against COMMUNITY INVESTMENT and BUTLER, which is not a valid claim for relief against a private company or citizen.

Therefore, dismissal of Plaintiff's Complaint in its entirety is proper, and moving defendants' FRCP 12(b)(6) motion to dismiss should be granted.

### B. Plaintiff Has Failed To Allege Any Underlying Tort Claim Supporting an Award of Damages Against COMMUNITY INVESTMENT or BUTLER And Therefore Plaintiff's Conspiracy Claim Fails

Plaintiff alleges that by supporting the variance application, COMMUNITY INVESTMENT and BUTLER acted in furtherance of the alleged conspiracy to deny Plaintiff his constitutional rights. (See Complaint, ¶¶62, 64, 66(d).) However, Plaintiff's conspiracy claim against COMMUNITY INVESTMENT and BUTLER fails necessarily because civil conspiracy is not an independent tort. *Santa Fe Pacific Realty Corp. v United States* (E.D. Cal. 1991) 780 F.Supp. 687. As the court explained in *Jones v. City of Chicago* (7th Cir.1988) 856 F.2d 985, 992, which was also a §1983 constitutional-tort case, "the function of conspiracy doctrine is merely to yoke particular individuals to the specific torts charged in the complaint." In other words, there is no civil action based on conspiracy alone, and Plaintiff has failed to allege any tort against the moving defendants to which the conspiracy claim for relief could potentially attach. *University System of New Hampshire v United States Gypsum Co.* (D.NH. 1991) 756 F.Supp. 640. The moving defendants' FRCP 12(b)(6) motion to dismiss should be granted on these grounds alone.

///

Further, at paragraph 67 of the Complaint Plaintiff alleges that as a result of the conduct of COMMUNITY INVESTMENT, BUTLER, and the other defendants, Plaintiff has been damaged and, further, estimates his damages to be approximately $11,309,670.00.[1] (See Complaint, ¶¶55-56, 67.) However, as noted above, Plaintiff fails to allege a viable claim for relief against COMMUNITY INVESTMENT or BUTLER that would give rise to any damages. "To properly plead a cause of action [in tort] a plaintiff must plead that [he] suffered actual damages as the result of [the tort], and must describe the damages that were actually suffered." *Segura v. Green Tree Servicing, LLC*, 2011 WL 2462856, at *6 (E.D.Cal., June 17, 2011); *see also Johnson v. Washington Mut.*, 2010 WL 682456, at *7 (E.D.Cal. Feb. 24, 2010). Where a Plaintiff has only pled that he suffered actual damages, and nothing more, such a conclusory allegation is insufficient. *Johnson, supra,* 2010 WL 682456, at *7.

Here, Plaintiff <u>fails to even allege that COMMUNITY INVESTMENT or BUTLER committed a "tort" against him</u>. Specifically, Plaintiff has failed to (1) allege what tort he believes was committed against him by COMMUNITY INVESTMENT or BUTLER, (2) plead that he suffered actual damages as a result of the alleged tort, and (3) describe the damages that were actually suffered. Plaintiff's vague claim that he suffered damages simply does not meet the standard required to survive a motion to dismiss. *Bell Atl. Corp., supra,* 550 U.S. at 570 (in pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face"). Further, as noted above, Plaintiff has failed to even allege a tort against COMMUNITY INVESTMENT or BUTLER which would give rise to damages – even if they were properly pled. *Santa Fe Pacific Realty Corp. v United States* (E.D. Cal. 1991) 780 F.Supp. 687. Thus, the moving

---

[1] Community Investment and Butler note that the amount of these damages, unsupported by sufficient facts or legal argument, will be addressed in an anticipated FRCP Rule 11 motion for sanctions.

parties' motion to dismiss should be granted as a matter of law. *Id.; Johnson, supra,* 2010 WL 682456.

### C. A Writ of Mandate is Not a Proper Claim for Relief as To COMMUNITY INVESTMENT, a Private Company, and BUTLER, a Private Citizen Who Is Not a Public Officer or Agent of the State

Plaintiff alleges a 'writ of mandate' claim for relief against COMMUNITY\ INVESTMENT and BUTLER. This claim clearly fails because a writ of mandate is not a proper claim for relief against a private company or citizen. *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558 (a writ of mandate will issue against a county, city or other public body or against a public officer). Therefore, moving parties' FRCP 12(b)(6) motion to dismiss Plaintiff's claim for writ of mandate should be granted as a matter of law.

It is well settled that "[a] writ of mandate will lie to 'compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust, or station' (CCP §1085) 'upon the verified petition of the party beneficially interested,' in cases 'where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.' (CCP §1086)." *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558. A writ of mandate is appropriate to correct an abuse in the exercise of discretion by the respondent (*RLI Ins. Co. Group v. Super.Ct. (Calif. Dept. of Ins.)* (1996) 51 CA4th 415, 433) or to enforce a nondiscretionary duty to act on the part of a court, an administrative agency, or officers of a corporate or administrative agency. *Hendrix v. Super.Ct* (2011) 191 Cal.4th 889, 893.

Notably, a writ of mandate will issue against a county, city or other public body or against a public officer, and is available to compel an officer or agent of the state to perform an act that "the law specifically enjoins." CCP §1085(a); *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547,

1558, citing *Housing Authority v. City of Los Angeles* (1952) 38 Cal.2d 853, 869–871; *see also Hawthorn v. City of Beverly Hills* (1952) 111 Cal.App.2d 723, 731. Here, COMMUNITY INVESTMENT is a private company and BUTLER is a private citizen and not a public officer or agent of the state – a fact which Plaintiff does not dispute. Therefore, a writ of mandate cannot lie as to either of the moving defendants, and moving defendants' FRCP 12(b)(6) motion to dismiss should be granted as a matter of law.

## V.
## CONCLUSION

Pursuant to the foregoing, moving defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and without leave to amend, for failing to state any claim upon which relief can be granted against COMMUNITY INVESTMENT or BUTLER.

Dated this 4th day of January, 2012

**LAW OFFICE OF DARIN MARGULES AND ASSOCIATES**

_____
Darin Margules, Esq.
Attorney for Defendants,
COMMUNITY INVESTMENT
HOLDINGS, INC. dba 'THE ZONE'
and SHAUN BUTLER

**CERTIFICATE OF SERVICE**

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action.

I further certify that on January 4, 2012, I electronically filed the foregoing document via the Court of the State of California (CM/ECF) system, causing the following parties to be served by ECF email:

Charles David Sewell, Esq. – Charles.Sewell@lacity.org

Kiran Singh, Esq. – Ksingh@mbnlawyers.com

Tayo A. Popoola, Esq. – Tayo.Popoola@lacity.org

Noel Weiss, Esq. – NoelWeiss@ca.rr.com

Dated:  January 4, 2012

Darin Margules

## DECLARATION OF DAVID GHARAKHANIAN, JR.

I, David Gharakhanian, Jr., declare as follows:

1. I am an attorney licensed to practice law before all courts of the State of California. I am a member of the law firm of GP Law Group, A Professional Corporation, and was hired by Law Office of Darin Margules, A Professional Law Corporation, to act as co-counsel in the instant action on behalf of defendants Community Investment Holdings, Inc. dba 'The Zone' and Shaun Butler.

2. This Motion is brought following our good-faith attempt to conduct a meet and confer with Plaintiff's counsel, in accordance with Civil Local Rule 7-3. However, an informal resolution could not be reached. As such, the instant Motion has become necessary.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of January, 2012 at Beverly Hills, California.

_____

DAVID GHARAKHANIAN, JR.

MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6)
-12-