Darin Margules, Esq. (State Bar No. 195282)
LAW OFFICE OF DARIN MARGULES
17835 Ventura Blvd., Suite 104
Encino, California 91316
Telephone: (818) 344-5900
Facsimile: (818) 344-7711

Attorney for Defendants,
COMMUNITY INVESTMENT HOLDINGS, INC.
dba 'THE ZONE' and SHAUN BUTLER

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. H. McQUISTON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF LOS ANGELES; ANTONIO VILLARAIGOSA, Mayor; MARGARET C. FIELDS, Property Owner; OCCIDENTAL ENTERTAINMENT GROUP HOLDINGS, a California Corporation, Property Lessee & Sublessor; COMMUNITY INVESTMENT HOLDINGS, INC., Property Sublessee, dba 'THE ZONE'; SHAUN BUTLER, an Individual; RENEE WEITZER, City Employee; LINN K. WYATT, City Employee; ED P. REYES, City Councilmember; PAUL KREKORIAN, City Councilmember;<br><br>　　　　Defendants. | Case No.: CV 11-5149-DSF-MRW<br><br>**DEFENDANTS COMMUNITY INVESTMENT HOLDINGS, INC. dba 'THE ZONE' and SHAUN BUTLER'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date: March 5, 2012<br>Time: 1:30 p.m.<br>Ctrm: 840 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

Plaintiff's Opposition fails to show that Plaintiff has adequately alleged facts asserting that defendants COMMUNITY INVESTMENT HOLDINGS, INC. dba 'THE ZONE' and SHAUN BUTLER ("Defendants") acted under color of state law. Plaintiff's Opposition also fails to show that Plaintiff has alleged facts sufficient to support the existence of a conspiracy between Defendants and City of Los Angeles officials. Further, Plaintiff's Opposition fails to address the arguments in favor of dismissing Plaintiff's Fifth Claim for Relief, seeking a writ of mandate as to Defendants.

As a result, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to F.R.C.P. 12(b)(6) should be granted, and all claims against Defendants dismissed, with prejudice.

### II.
### LEGAL ARGUMENT

**A.  Plaintiff Has Not Adequately Alleged Facts Asserting That Defendants Acted Under Color of State Law, or Any Facts Sufficient to Support the Existence of a Conspiracy Between Defendants and City of Los Angeles Officials**

In his Opposition, Plaintiff has not provided any information that would assist overcoming the facts that: (1) neither of the Defendants, each admittedly private actors, took any action that can be construed as taken under color of state law; or that (2) the Second Amended Complaint is devoid of any factual allegations to support the assertion that Defendants actually conspired with City of Los Angeles officials to deny Plaintiff his Constitutional rights. As a result, Defendants' Motion to Dismiss should be granted.

///

### 1. *Defendants Are Private Citizens and Are Not Alleged to Have Acted Under Color of State Law*

Plaintiff acknowledges that Defendants are private actors, referring to them as the "Non-CITY defendants." Complaint, ¶¶12-13. As private parties, they are only deemed to act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp.* (9th Cir. 1983) 865 F.2d 1539, 1540. To show such willful participation, Plaintiff must be able to show an agreement or meeting of the minds between the State actors and private parties undertaken for the purpose of violating his constitutional rights. *Woodrum v. Woodward County* (9th Cir. 1989) 866 F.2d 1121, 1126, citing *Fonda v. Gray* (9th Cir. 1983) 707 F.2d 435, 438. Only with such a showing can a private actor be held liable as a state actor.

In the present instance, Plaintiff has proffered nothing more than his bald allegation that Defendants applied for a variance. Complaint, ¶66d. By itself, these allegations are insufficient to allege a conspiracy. *Radcliffe v. Rainbow Construction Company* (9th Cir. 2001) 254 F.3d 772, 784 (in the absence of probative evidence of agreement of concerted action which might lend "color of state law" to a private party's actions, summary judgment properly awarded on all §1983 claims); *see also Ashcroft v. Iqbal* (2009) 556 U.S. 662, 129 S.Ct. 1937, 1950 (a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Plaintiff has failed to plead any willful participation by Defendants in joint action with any city officials and has therefore failed to meet the pleading burden of establishing that the private party Defendants can be held liable as state actors under §1983.

///

### 2. Plaintiff has Failed to Include Any Specific Factual Allegations Showing Conspiratorial Acts By Defendants

Plaintiff has further failed to allege any specific factual detail that shows actions taken in furtherance of the purported conspiracy. "A mere allegation of conspiracy without factual specificity is insufficient." *Karim Panahi v. Los Angeles Police Department* (9th Cir. 1988) 839 F.2d 621, 626.

In the present case, there are no specific facts alleging actions sounding in conspiracy by either of the Defendants. Paragraph 66d of Plaintiff's Second Complaint alleges that by "making a belated application for an unlawful variance instead of seeking a lawful place for their enterprise, [Defendants] conspired with OCIDENTAL using a false purpose and use for the property, engineered a cabal, with defendant WEITZER after the time given them to vacate had expired, and fabricated 'excuses' to justify their variance application which were obviously not legally permitted. They enlisted their cabal to push through this scheme, as evidence will prove." Complaint, ¶66d.

The foregoing is the sum of the factual allegations in support of Plaintiff's claims that Defendants were involved in a purported conspiracy, and falls short of the factual specificity necessary for a valid conspiracy claim. Further, following the logic of Plaintiff's argument that Defendants mere application for a variance constituted a conspiracy to violate Plaintiff's constitutional rights would mean that anyone who applies for a zone variance is essentially subject to a conspiracy claim. This of course does not make sense.

As a result, Defendants' Motion to Dismiss Plaintiff's Third Claim for Relief for Conspiracy should be granted.

///
///
///
///

### B. Plaintiff Completely Failed to Address Defendants' Argument That A Writ of Mandate is Not a Proper Claim for Relief Against Fields

Plaintiff's Opposition fails to mention Defendants' argument that Plaintiff's Fifth Claim for Relief for Writ of Mandate against Defendants fails on the basis that a writ of mandate is not a proper claim for relief against a private company or citizen. *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558 (a writ of mandate will issue against a county, city or other public body or against a public officer). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department* (9th Cir. 1988) 901 F.2d 696, 699; *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041.

Defendants submit not only that dismissal is proper because Plaintiff's Second Amended Complaint lacks a cognizable legal theory as to the Fifth Claim for Relief against Defendants, but also that Plaintiff's failure to oppose Defendants' argument renders dismissal automatic as a matter of law. *Radford v. Crown City Lumber & Mill Co.* (1958) 165 Cal.App.2d 18, 21 (failure to oppose a motion may be deemed consent to granting the motion).

///
///
///
///
///
///
///
///
///

## III.

## CONCLUSION

Because Plaintiff's claims for relief against Defendants fail as a matter of law pursuant to F.R.C.P. 12(b)(6), Defendants respectfully request that all claims against them be dismissed, with prejudice.

Dated this 21st day of February, 2012

**LAW OFFICE OF DARIN MARGULES**

_____
Darin Margules, Esq.
Attorney for Defendants,
COMMUNITY INVESTMENT HOLDINGS, INC. dba 'THE ZONE' and SHAUN BUTLER

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action.

I further certify that on February 21, 2012, I electronically filed the foregoing document via the Court of the State of California (CM/ECF) system, causing the following parties to be served by ECF email:

    Charles David Sewell, Esq. – Charles.Sewell@lacity.org

    Kiran Singh, Esq. – Ksingh@mbnlawyers.com

    Tayo A. Popoola, Esq. – Tayo.Popoola@lacity.org

    Noel Weiss, Esq. – NoelWeiss@ca.rr.com

Dated: February 21, 2012

                                                Darin Margules

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P. 12(b)(6)