ALAN M. MIRMAN, SBN 66883
MICHAEL E. BUBMAN, SBN 143468
KIRAN SINGH, SBN 252467
MIRMAN, BUBMAN & NAHMIAS, LLP
21860 Burbank Boulevard, Suite 360
Woodland Hills, California 91367
Tel: (818) 451-4600
Facsimile: (2818) 451-4620
E-Mail: amirman@mbnlawyers.com
       mbubman@mbnlawyers.com
       ksingh@mbnlawyers.com

Attorneys for Defendants Margaret C. Fields
and Occidental Entertainment Group Holdings, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.H. MCQUISTON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. CV 11-05149-DSF-MRW<br><br>*(Honorable Dale S. Fischer)*<br><br>DEFENDANTS MARGARET C. FIELDS AND OCCIDENTAL ENTERTAINMENT GROUP HOLDINGS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P 12(b)(6)<br><br>Date:   March 5, 2012<br>Time:  1:30 p.m.<br>Ctrm.:  840 |

**A.   Introduction**.

In the Opposition, Plaintiff J.H. McQuiston ("Plaintiff") lumps all "non-City defendants" together in an effort to overcome the deficiency of his pleading. In fact, Plaintiff fails to show that he has adequately alleged a conspiracy against defendants Margaret C. Fields ("Fields") and Occidental Entertainment Group

{00190248}                          1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Holdings, Inc. ("Occidental")[1] to support the Third Claim for Relief. Further, Plaintiff fails to even mention the Fifth Claim for Relief, seeking a writ of mandate as to Fields. As a result, the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants should be granted, and all claims against Defendants dismissed with prejudice.

**B.    Plaintiff Has Not Adequately Alleged Either Facts Asserting That Defendants Acted Under Color of State Law, or Any Facts Sufficient to Support the Existence of a Conspiracy Between Defendants and City of Los Angeles Officials and the Motion to Dismiss the Third Claim for Relief Should Be Granted.**

In his Opposition, Plaintiff has not provided any information that would assist overcoming the facts that: (1) neither of Defendants, each admittedly private actors, took any action that can be construed as taken under color of state law; and (2) the Second Amended Complaint is devoid of any factual allegations to support the assertion that Defendants actually conspired with City of Los Angeles officials to deny Plaintiff's Constitutional rights. As a result, Defendants' Motion to Dismiss should be granted.

      1.    *Defendants Are Private Citizens and Are Not Alleged to Have Acted Under Color of State Law.*

Plaintiff acknowledges that Defendants Fields and Occidental are private actors, referring to them as the "Non-city defendants." Complaint, ¶¶10-11. As private parties, they are only deemed to act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." *United Steelworkers of America v. Phelps Dodge Corp*. (9th

---

[1] Fields and Occidental are collectively referred to hereafter as "Defendants."

{00190248}                                              2

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Cir. 1983) 865 F.2d 1539, 1540. To show such willful participation, Plaintiff must be able to show an agreement or meeting of the minds between the state actors and private parties undertaken for the purpose of violating his constitutional rights. *Woodrum v. Woodward County* (9th Cir. 1989) 866 F.2d 1121, 1126, citing *Fonda v. Gray* (9th Cir. 1983) 707 F.2d 435, 438. Only with such a showing can a private actor be held liable as a state actor.

In the present instance, Plaintiff has proffered nothing more than his bald allegation that Defendants "supported" the application for a variance and that Defendants purportedly permitted the other non-city defendants (and not with the state actors) to represent them in connection with the variance application. Complaint, ¶66e. By itself, these allegations are insufficient to allege the conspiracy. *Radcliffe v. Rainbow Construction Company* (9th Cir. 2001) 254 F.3d 772, 784 (in the absence of probative evidence of agreement of concerted action which might lend "color of state law" to a private party's actions, summary judgment properly awarded on all §1983 claims); *see also Ashcroft v. Iqbal* (2009) 556 U.S. 662, 129 S.Ct. 1937, 1950 (a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

Plaintiff has failed to plead any willful participation by these Defendants in joint action with any city officials, and has therefore failed to meet his pleading burden to establish the private party Defendants can be held liable as state actors under §1983.

### 2. *Plaintiff has Failed to Include Any Specific Factual Allegations Showing Conspiratorial Acts By Defendants.*

Plaintiff has further failed to allege any specific factual detail that shows actions taken in furtherance of the purported conspiracy. To state a claim for a conspiracy to violate one's constitutional rights under §1983, Plaintiff must state

specific facts to support the existence of the claimed conspiracy. *Olsen v. Idaho State Bd. of Medicine* (9th Cir. 2004) 363 F.3d 916, 929 (holding that a physician's assistant failed to state a viable conspiracy claim because her complaint was "devoid of any discussion of <u>an agreement amongst the appellees to violate her constitutional rights</u>") (emphasis added), citing *Burns v. County of King* (9th Cir. 1989) 883 F.2d 819, 821. Specifically, Plaintiff must allege specific factual details that Defendants "by some concerted action, intend[ed] to accomplish some unlawful objective <u>for the purpose of harming another which results in damage</u>." *Vieux v. East Bay Reg'l Park Dist.* (9th Cir.1990) 906 F.2d 1330, 1343 (emphasis added). Here, Plaintiff has clearly not met this standard, as his Second Amended Complaint fails to show: (1) any agreement among the City and Non-City Defendants; (2) with an intent to accomplish an unlawful objective; (3) for the purpose of harming Plaintiff; and (4) which resulted in damage.[2]

In *Harris v. Roderick* (9th Cir.1997) 126 F.3d 1189, 1195, the Ninth Circuit held that, "[i]n order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must include in their complaint nonconclusory allegations containing evidence of unlawful intent or face dismissal," supported by direct or circumstantial evidence. *Id*. The *Harris* Court found that the plaintiff's complaint was sufficient because it was "<u>detailed and specific</u>" and "plead[ed] with particularity as to which defendants conspired, how they conspired and how the conspiracy led to a deprivation of [plaintiff's] constitutional rights …" *Id*. The case of *Hernandez v. City of Napa*, 2010 WL

---

[2] Plaintiff has alleged that as a result of the conduct of Fields, Occidental, and the other Defendants, Plaintiff has been damaged and, further, estimates his damages to be approximately $11,309,670.00. Complaint, ¶¶55-56, 67. However, as discussed in detail in Defendants' moving papers, Plaintiff only pled that he suffered damages, and nothing more. Such a conclusory allegation is insufficient. *Johnson v. Washington Mut.* (E.D.Cal.) 2010 WL 682456, at *7. Further, Fields and Occidental note that the amount of these damages, unsupported by sufficient facts or legal argument, will be addressed in an anticipated FRCP Rule 11 motion for sanctions.

{00190248} 4

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

4010030 is also instructive. The *Hernandez* action arose out of Plaintiff's arrest following various police officers' response to a report of domestic violence in her home. *Id*. Specifically, the allegations which allowed the plaintiff to survive a motion to dismiss included:

> "Officer Green conspired with and willfully participated in a joint action with Defendant Officers and Deputy Hallman to deprive Plaintiff Hernandez of her Fourth Amendment right to be free from unreasonable search and seizure by agreeing that Officer Green would claim to be a victim of battery and participate in the false arrest of Plaintiff Hernandez while Green would be driven elsewhere."

*Id* at 17. The complaint also specifically alleged that Deputy Hallman, Officer Bender and Mr. Green acted in concert by agreeing to fabricate criminal charges against plaintiff, and meeting and constructing a false story about what happened in plaintiff's home designed to conceal Mr. Green's break-in of plaintiff's home. *Id*. In *Hernandez*, therefore, the plaintiff included specific, factual allegations in the complaint which contained detail describing: (1) the conspiratorial acts by the defendants; (2) with the intent to accomplish an unlawful objective; and (3) which were undertaken for the purpose of harming the plaintiff.

In the present case, Plaintiff has failed to allege <u>any</u> specific facts alleging actions sounding in conspiracy by either Occidental or Fields. Paragraph 66e of the Complaint alleges that Occidental and Fields conspired "by supporting the application of defendant HOLDINGS and BUTLER for an unlawful variance, both orally and in writing, and in permitting said defendants to represent them in connection with the application and in all other matters attendant thereto. Complaint, ¶66e. In fact, the only allegation of support being provided in writing is at paragraph 43, where Plaintiff alleges that Occidental wrote a letter of support. Complaint, ¶43. Plaintiff also alleges that Butler attested that he had the authority to

{00190248}   5

sign on behalf of Fields – there is no allegation however, that Fields actually authorized Butler to act on her behalf. Complaint, ¶32.

This is the sum of the "factual" allegations about Fields' and Occidental's supposed acts taken in furtherance of the purported conspiracy contained in the Second Amended Complaint, and thus Plaintiff has clearly failed to meet his burden to state specific facts to support the existence of the claimed conspiracy (*Olsen, supra,* 363 F.3d at 929, citing *Burns, supra,* 883 F.2d at 821), as required to survive a motion to dismiss. *Hernandez, supra,* WL 4010030 at *17; *Karim Panahi v. Los Angeles Police Department* (9th Cir. 1988) 839 F.2d 621, 626 (a mere allegation of conspiracy without factual specificity is insufficient). Specifically, Plaintiff has failed to put forth specific and detailed facts to show that any type of agreement existed between Fields, Occidental, and any other defendants to deprive Plaintiff of his Constitutional rights, for the purposes of harming Plaintiff, and from which he was damaged. *Vieux, supra,* 906 F.2d at 1343. Rather, Plaintiff's vague allegations fall far short of what is required to sufficiently allege a conspiracy that includes Defendants Fields and/or Occidental. As a result, the Motion to Dismiss the Third Claim for Relief should be granted.

## C. Plaintiff Failed to Even Address Defendants' Argument That a Writ of Mandate is Not a Proper Claim for Relief Against Fields.

Plaintiff's opposition fails to even mention Defendants' argument that Plaintiff's Fifth Claim for Relief for Writ of Mandate against Fields clearly fails because a writ of mandate is not a proper claim for relief against a private citizen. *Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547, 1558 (a writ of mandate will issue against a county, city or other public body or against a public officer). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri*

*v. Pacifica Police Department* (9th Cir. 1988) 901 F.2d 696, 699; *Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041. Defendants submit not only that dismissal is proper because Plaintiff's Second Amended Complaint lacks a cognizable legal theory as to the Fifth Claim for Relief against Fields, but also that Plaintiff's failure to oppose Defendants' argument renders dismissal automatic as a matter of law. *Radford v. Crown City Lumber & Mill Co.* (1958) 165 Cal.App.2d 18, 21 (failure to oppose a motion may be deemed consent to granting the motion).

## D.  Conclusion

Because Plaintiff's claims for relief against Fields and Occidental fail as a matter of law pursuant to FRCP 12(b)(6), Fields and Occidental respectfully request that all claims against them be dismissed with prejudice.

Dated: February 21, 2012          MIRMAN, BUBMAN & NAHMIAS, LLP


By: _____/s/ Michael Bubman_____
     Michael E. Bubman
Attorneys for Defendants Margaret C. Fields and
Occidental Entertainment Group Holdings, Inc.

{00190248}

7

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States over the age of 18 years, and not a party to the above-entitled action. I further certify that on February 21, 2012, I electronically filed the foregoing document entitled "DEFENDANTS MARGARET C. FIELDS AND OCCIDENTAL ENTERTAINMENT GROUP HOLDINGS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO F.R.C.P 12(b)(6)" via the United States District Court Central District of California Case Management and Electronic Case Filing (CM/ECF) system, causing the parties who have appeared in this action to be served by ECF email.

Date:  February 21, 2012                 ___/s/ Ana Acosta_____
                                                         Ana Acosta